Thomas P. Farley, J.
In an action to recover damages for personal injury brought against the manufacturer and seller of an automobile, the plaintiff moves for dismissal of the affirmative defense interposed by each defendant stating, in substance, that under the contract for the sale of the car, they expressly disclaimed and/or limited any warranty so that plaintiff may not recover all or any part of the damages claimed.
The plaintiff, according to the complaint, was injured on November 1, 1967, when a Mercury automobile, which he purchased new on the same date, went out of control due to defects in the throttle linkage and related parts. The complaint contains three causes .of action based on negligence and breach of implied and express warranties.
Neither answer sets forth the specific warranties that are allegedly disclaimed or limited, but annexed to each such pleading is a copy of a printed warranty sheet which states at the bottom portion thereof: “ The warranties herein are expressly In Lieu of any other express or implied warranty, condition or guarantee on this vehicle or any part thereof, including any implied Warranty of Merchantability or Fitness ”. The express warranties extended to a purchaser limit liability to replacement or repair of defective or damaged parts.
If the pleaded defense is intended to exclude plaintiff from recovering damages for his personal injury, such limitation is prima facie unconscionable '(Uniform Commercial Code, § 2-719, subd. [3]). Furthermore, in the absence of factual evidence indicating the limitation or exclusion is commercially reasonable and fair rather than oppressive and surprising to a purchaser of a new vehicle, it must be stricken as a matter of law (cf. Henningsen v. Bloomfield Motors, 32 N. J. 358). Counsel for the defendants argue that a disclaimer or exclusion of warranties is permissible (Uniform Commercial Code, § 2-316), and state whether a particular exclusion or limitation is reasonable presents a factual issue. The statement of law is correct, but the defendants have tendered no factual proof to rebut the plaintiff’s showing that under the statute (Uniform Commercial Code, § 2-719, subd. [3]) the exclusion of a cause of action for recovery of damages for personal injuries is prima facie unconscionable. Furthermore, the contractual provisions pleaded here dis *243 claim all warranties, and at the same time would limit the remedies available for a breach of warranty, and attempts to do both create an ambiguity and are unreasonable if that is what was intended under the contract and the defense as pleaded (cf. Wilson Trading Corp. v. David Ferguson, Ltd., 23 N Y 2d 398,403).
The motion is granted with leave to the defendants, if they be so advised, to replead.