131 N.J. Super. 439 (1974)
330 A.2d 384
CLIFFORD N. HERBSTMAN, PLAINTIFF-APPELLANT,
v.
EASTMAN KODAK COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 30, 1974.
Decided December 18, 1974.
*442 Before Judges CARTON, CRANE and KOLE.
Mr. Clifford N. Herbstman, appellant, pro se.
Messrs. Large, Scammell & Danziger, attorneys for respondent.
The opinion of the court was delivered by CARTON, P.J.A.D.
Plaintiff brought this action against defendant manufacturer for breach of a warrant of merchantability of a new camera which he had purchased and claimed to be defective. The trial judge, after a trial in which the salient facts were substantially undisputed, dismissed the complaint on condition that defendant make the necessary repairs or replace the camera with a new one. He ordered that on failure to comply with this condition judgment should be entered in favor of plaintiff for the cost of the camera. Plaintiff appeals, contending that he was not bound to accept as his sole remedy the repair of the camera. Defendant has expressed a willingness to make necessary repairs.
*443 Plaintiff purchased a Kodak Pocket Instamatic No. 40 camera at a retail store in preparation for a proposed trip to Israel. Although he owned several more expensive cameras than this one, he maintained that he chose the Kodak because of its reliability and simplicity of operation, as expressed in defendant's advertising literature.
Before departing on the trip plaintiff inserted film in the camera. The camera performed satisfactorily. However, after arriving at his destination the camera failed to function properly after six photographs were taken. It appeared that the film advance mechanism had jammed, preventing further use of the camera. Plaintiff also claimed that he took the camera to three separate camera stores, which reported they were unable to repair it.
When he arrived home from his trip plaintiff purchased a second camera of the same description and at the same cost as the original. He then requested defendant to refund the monies paid for the defective camera. Defendant refused to do so, relying upon the exculpatory clause contained in the instruction booklet inside the package in which the camera was delivered.
The true issue presented is not, as both parties seem to argue, whether plaintiff is protected by an implied warranty of merchantability. More properly, the inquiry is whether he is bound by defendant's attempt to limit the remedies available to him for breach of warranty.
The confusion arises because of the tendency on the part of both parties to blur the distinction between warranties and remedies set forth in the Uniform Commercial Code. Exclusions and modifications of warranties and limitations of remedies are separately treated in the statute. See N.J.S.A. 12A:2-316 and N.J.S.A. 12A:2-719, discussed hereinafter.
The warranty provision in this case is couched in language of the available remedy, i.e., free repairs. It appears under the heading "warranty" on the back page of the booklet and reads, in pertinent part:
*444 * * *
We will repair your camera at no charge within one year after purchase, except for damage caused by accident or abuse. This warranty applies only to the camera itself, and Kodak cannot be responsible for other losses or damages of any kind resulting from equipment failure.
* * *
Except as mentioned above, no other warranty, express or implied, applies to this camera.
Thus we interpret defendant's warranty, apart from the question of disclaimer, to mean that the camera will be free of mechanical defects which result in the failure of the camera to perform in the manner it was intended and designed to operate.
So interpreted, defendant gave an express warranty against mechanical defects of the kind experienced by plaintiff. Indeed, this seems to be conceded by defendant's willingness to make necessary repairs. Thus, whether there also exists an implied warranty in plaintiff's favor under N.J.S.A. 12A:2-314(2), defining "merchantable goods," is inconsequential. That provision affords plaintiff no greater protection against defects than that which is implicit in defendant's agreement. We turn, then, to the question whether defendant effectively limited plaintiff's remedy to repair of the camera. The answer hinges on whether the printed notice complied with the requirements of the statute governing the contractual modification or limitation of remedies.
Such contractual modification or limitation of remedies is controlled by N.J.S.A. 12A:2-719. That section provides:
(1) Subject to the provisions of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages,
(a) the agreement may provide for remedies in addition to or in substitution for those provided in this Chapter and may limit or alter the measure of damages recoverable under this Chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts; and

*445 (b) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this Act.
(3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not. (Emphasis added).
Plaintiff argues that his remedy for breach of warranty was not limited to free repair of defects because the printed notice of limitation fails to meet the requirements of N.J.S.A. 12A:2-719(1)(a) that such limitation be part of an "agreement" between the parties. More specifically, the thesis is that the agreement requirement is not satisfied by language "unilaterally inserted by the seller in the last page of an instruction booklet concealed in a package and not disclosed to the purchaser prior to actual purchase of the product." The trial judge did not reach this issue in specific terms. Instead, in arriving at this conclusion he relied upon trade usage, pursuant to N.J.S.A. 12A:2-316(3) (c), which provides that "an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade."
The judge held that the implied warranty had been excluded by operation of trade usage. The court's reliance upon that provision was misplaced. N.J.S.A. 12A:2-316, in its entirety, concerns the subject of exclusion or modification of warranties. It has no concern at all with remedies which are governed by a different provision of the statute.
Limitations of remedies are governed by N.J.S.A. 12A:2-719. That section makes no reference to limitations arising from trade usage. We deem it highly significant that the Legislature, in adopting the Uniform Commercial Code, saw fit to make an express distinction between acceptable methods of limitation or modification as between warranties and remedies. The design of the statute is to allow the seller *446 less liberality in limiting remedies than in limiting or modifying warranties.
Thus, the issue to be decided narrows down to whether the seller in this case properly limited the remedy available to the purchaser. The answer to this question depends on whether there was an agreement between the parties as required in the limitation provision of the Code (N.J.S.A. 12A:2-719(1) (a)) to limit available remedies exclusively to that of free repair.
An "agreement" is defined under the Code as
the bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance * * *. (N.J.S.A. 12A:1-201(3)).
No agreement as to remedy limitation can be distilled from the language of the "warranty" itself. That provision is ambiguous and imprecise. Indeed, as we have already noted, it seems more appropriate to a statement of available remedy than a warranty. Further, the language of limitation contained in the clause refers specifically to consequential damages and to other express or implied warranties. It contains no explicit limitation or modification of remedies as required by statute. For example, it does not specify that the remedy provided is exclusive (see N.J.S.A. 12A:2-719(1)(b)). Whatever explicitness can be derived from the language of the clause in question is produced by the device of treating the terms "warranty" and "remedy" as synonymous. The statutory provisions are a demonstration that there is no basis for such construction. In any event, it is axiomatic in the construction of a contract that its language is to be construed against the party who prepared it when there is fair doubt as to its meaning. Buscaglia v. Owens-Corning Fiberglas, 68 N.J. Super. 508, 519-520 (App. Div. 1961), aff'd 36 N.J. 532 (1962).
*447 Defendant's further contention that the offered remedy of free repairs operated to exclude all other remedies cannot be sustained. N.J.S.A. 12A:2-719(1) (b) provides:
[R]esort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy. [Emphasis added]
Here defendant's "warranty" announces the availability of free repairs. There is no language to suggest that the thus limited offer is intended to exclude all other remedies. Therefore it cannot be said that the parties expressly agreed to limit available remedies to repairs. This is so whether the term "expressly agreed" is interpreted to mean an agreement of sale in the form of a document or other communication in which the buyer specifically assents to the limitation, or whether it also includes such an agreement implied in fact from the conduct of the parties. In the present case it must be concluded that there never was any such agreement because that question was not raised at all. Plaintiff is therefore entitled to the alternate remedy of returning the defective camera for a cash refund.
Defendant appears to suggest that the trade usage policy of free repairs is a circumstance from which an agreement between the parties can be implied. A policy of free repairs, even if ordinary trade usage in the camera industry, is itself a neutral fact. For the free repair policy to serve as a bar to other remedies it would have to be accompanied by an express exclusion of those remedies. And even if such a practice were shown to exist it would not be determinative here. The record is devoid of proof that plaintiff is in the trade. Consequently it cannot be argued that such a practice became engrafted in the purchase agreement and thus binding on plaintiff as a customer.
This conclusion makes unnecessary an inquiry into whether defendant's notice of "warranty," even if properly drafted, would provide notice to a purchaser sufficient to imply an agreement limiting remedies available to the purchaser. *448 However, some discussion of this question is appropriate. The notice of "warranty" appeared on the last page of an instructional booklet contained in the sealed camera box. Our researches reveal no discussion of the adequacy of such notice as it pertains to limitations of remedy but the standards applicable to exclusions or limitations of warranties are suggestive. The Code (N.J.S.A. 12A:2-316(2) requires that a written disclaimer of warranty be in conspicuous form. See also, Fablok Mills v. Cocker Machine, etc., Co., 125 N.J. Super. 251, 259 (App. Div. 1973). The requirement that warranty disclaimers be conspicuous also exists in our case law. Henningsen v. Bloomfield Motors, 32 N.J. 358 (1960). For further illustration of what constitutes conspicuousness, see cases collected at 17 A.L.R. 3d 1010, at 1078. Thus it is quite clear that defendant's notice was so placed as to fail to satisfy any reasonable standard of conspicuousness.
It should be further noted that here again the seller is held to a lesser standard in disclaiming warranties. "Conspicuous" is defined in the Code at N.J.S.A. 12A: 1-201(10) as follows:
A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. * * *
This is a standard of constructive notice, allowing courts to imply a purchaser's knowledge and consent as a matter of law. The standard is significantly higher in limitation of remedy situations where an express agreement must be found. Such agreement may be implied from the facts but there is no provision for constructive notice to permit an agreement to be implied as a matter of law.
Conceivably a trade usage could be established that it is customary in the sale of cameras and other small mechanical appliances to place conspicuous notices of limitation of remedies inside the package and that the purchaser normally anticipates that any warranty and limitation *449 of remedy may be found upon opening it. We need not decide whether, in the case of an adequately drafted notice, such trade usage, coupled with the purchaser's failure to reject in a reasonable time, would be a factual basis for implying the express agreement required by the statute.
In this case defendant has satisfied neither standard. The notice given would not appear to be sufficiently conspicuous to constitute constructive notice. More significantly, there is nothing in the record to indicate that plaintiff was, in fact, aware of the notice before the completion of the sales transaction. There is no basis for implying an agreement to limit remedies.
Reversed.