Clara E. TUTTLE, Appellant,

v.

**KELLY–SPRINGFIELD TIRE CO., a corporation, and Phillips Petroleum Company, a corporation, Appellees.**

No. 49792.

Supreme Court of Oklahoma.

Oct. 17, 1978.

William C. Leach, Moore, for appellant.

Kenneth Heady, C. J. Roberts, Bartlesville, Edward J. Fauss, Gary R. Proctor by Gary R. Proctor, Oklahoma City, for appellees.

DOOLIN, Justice:

This appeal from a defendants' verdict in a personal injury action arises out of a refusal by the trial court to allow plaintiff to enter into evidence defendant Phillips Petroleum Company's written tire guarantee.

Plaintiff purchased two new tires, manufactured by Kelly-Springfield Tire Company (Kelly-Springfield) from Phillips Petroleum Company (Phillips). A little over a month later one of the new tires allegedly sustained a blowout. Plaintiff lost control of her automobile and crashed into a bridge abutment sustaining serious injury.

Plaintiff filed suit against Kelly-Springfield and Phillips, alleging a defective tire, negligence and breach of express and implied warranties. Defendants' motions for summary judgment were sustained. On appeal the Court of Appeals reversed and remanded for new trial, holding plaintiff had alleged a prima facie cause of action in products liability against both defendants; therefore summary judgment was improper.[1]

On retrial, trial court refused to allow plaintiff to pursue her theory of breach of express warranty. Trial court sustained Phillips' objection to the admission into evidence of its written guarantee because the guarantee, while warranting against blowouts, did not cover consequential damage or injury; it limited Phillips' liability to repair or replacement. The pertinent parts of that agreement are as follows:

"PHILLIPS 66 TIRE AND
BATTERY GUARANTEE AND
ADJUSTMENT AGREEMENT
PHILLIPS 66 PASSENGER CAR TIRE
AND PHILLIPS 66 TRUCK TIRE:

The tire described on the preceding agreement form, if a passenger car tire, *is guaranteed for the life of the original tread,* without limit as to time or mileage: (1) against defects in material and workmanship, and (2) *against failure from blowouts,* cuts, bruises, rim cuts or any road hazard encountered in normal passenger car driving, *except that this guarantee does not cover* damage caused by under inflation, faulty brakes, improper mounting, overloading, running flat, irregular tread wear, wheels out of alignment, negligent or willful damage or abuse, obstruction on vehicle, tire chains, fitting or use of studs, puncture, fire, wreck or collision, nor tires lost or stolen, tubes under any circumstances, or *any consequential damage or injury.*

Extent of Liability and Adjustment Procedure: *Liability hereunder is limited strictly at Phillips' option, either to repairing the tire without charge, or replacing it with a new tire of like size and type,* and charging the purchaser only for the service received." [Emphasis supplied]

---

1. Opinion by Court of Appeals did not discuss plaintiff's theory of breach of warranty, finding it unnecessary to its decision. Phillips does not pursue any argument that under opinion of Court of Appeals plaintiff was confined to a theory of manufacturers products liability.

The jury returned a verdict in favor of both defendants and plaintiff once again appeals.[2] Plaintiff does not deny she has insufficient evidence of a defect in the tire under the theory of manufacturers products liability. Her sole proposition of error is based on trial court's refusal to permit her to introduce into evidence the above express warranty.[3] She claims Phillips' attempt in the guarantee to avoid liability for personal injuries is unconscionable and should have been excised from the warranty agreement and the excised agreement submitted to the jury. Without the written guarantee before the jury, she was unable to pursue her theory of breach of express warranty.

Phillips' defense to the written warranty, in support of trial court's ruling of inadmissability, is premised on that portion of the warranty limiting its liability to either "repairing the tire without charge, or replacing it with a new tire of like size and type." This guarantee, Phillips stresses, is not unconscionable and explicitly does not cover any consequential damage for personal injury. Phillips contends because plaintiff is asking for damages for her *injuries* and not for replacement of the tire, the written warranty is irrelevant and immaterial to plaintiff's cause of action. We do not agree.

**2.** This Court dismissed Kelly-Springfield from the appeal. The written warranty involved was given by Phillips only.

**3.** The appeal does not include a reporter's transcript through no fault of plaintiff. Apparently, it was unavailable. In lieu of transcript, parties offer a brief Stipulation of Fact which does not cover any testimony.

**4.** See *Kirkland v. General Motors,* Okl., 521 P.2d 1353 (1974).

**5.** Section 2–316 provides in part:
"(1) * * *
(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'
(3) Notwithstanding subsection (2).

There is no doubt a cause of action in both implied and express warranty remains under the Uniform Commercial Code (the Code).[4] Under the Code, 12A O.S.1971 § 2–316, a seller may disclaim *all* warranties if certain specific requirements are met.[5] A provision in a contract of sale that a seller does not warrant at all is a disclaimer. But Phillips' guarantee recognizes the existence of warranties but limits the seller's liability to a particular remedy. This widely used type provision is a limitation of remedy rather than a disclaimer, and is controlled by 12A O.S.1971 § 2–719.[6]

12A O.S.1971 § 2–719 provides:
"(1) Subject to the provision of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages,
(a) the agreement may provide for remedies in addition to or in substitution for those provided in this Article and may limit or alter the measure of damages recoverable under this Article, *as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts;* and
(b) resort to a remedy as provided is optional unless the remedy is expressly

(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is', 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and
(b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and
(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade.
(4) Remedies for breach of warranty can be limited in accordance with the provisions of this Article on liquidation or limitation of damages and on contractual modification of remedy (Sections 2–718 and 2–719)."

**6.** See also 12A O.S.1971 § 2–316(4) id. and 12A O.S.1971 § 2–718 regarding liquidation of damages.

agreed to be exclusive, in which case it is the sole remedy.

(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this Act.

(3) *Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.*" [Emphasis supplied]

Plaintiff challenges the trial court's ruling based on subsection 3 of the above statute. Because Phillips committed itself to warrant the tire against blowouts, plaintiff claims a limitation denying liability for personal injuries resulting from the blowout is unconscionable under this subsection. Thus the limitation should have been deleted by the court and the excised guarantee submitted to the jury as evidence of Phillips' express warranty. See 12A O.S.1971 § 2–302.[7]

There is no counter-argument by Phillips the tire was not consumer goods or that § 2–719 does not apply. Phillips contends the prima facie case of unconscionability under this section was rebutted in that there was no showing the tire was defective. Further where a seller extends to a buyer a guarantee over and above that which is implied by the code, the seller should be free to limit the scope of its liability.

It is true § 2–719 generally leaves the seller free to limit remedies available for breach of warranty. But the code is strict-

er in allowing a limitation on remedies than in allowing an exclusion of warranties.[8] Section 2–719(3) recognizes the validity of agreements limiting consequential damages, but any remedy limitations must be tested in terms of "unconscionability". Ordinarily, remedy limitations for *non-consumer* goods would probably be tested for unconscionability in the same manner as disclaimers.[9] Somewhat inconsistently in the case of consumer goods, *any* limitation of remedy for personal injuries is presumed prima facie unconscionable. It may appear illogical that the code permits a disclaimer of warranties altogether if § 2–316 requirements are met but makes it very difficult to create a warranty and then limit the remedy.

This illusive inconsistency may be clarified in the framework of public policy concerning consumer protection. In the case of consumer goods to give what looks like relief in the form of an express warranty, but is not, is unconscionable as a surprise limitation and therefore against public policy.

We do not find any decision either holding that a § 2–719 presumption was successfully rebutted by a defendant, or validating a clause in a guarantee limiting the remedy in the case of consumer goods to replacement or repairs. Other jurisdictions presented with similar problems have held where the sellers of warranted tires present no evidence to show the clause purporting to exclude consequential damages for personal injury was not unconscionable, such clause would be deleted in its entirety. See *McCarty v. E. J. Korvette, Inc.,* 28 Md.App. 421, 347 A.2d 253 (1975); *Collins v. Uniroy-*

7. 12A O.S.1971 § 2–302 provides:
(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, *or it may enforce the remainder of the contract without the unconscionable clause,* or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose

and effect to aid the court in making the determination." (Emphasis supplied).

8. *Herbstman v. Eastman Kodak Company,* 131 N.J.Super. 439, 330 A.2d 384 (1974).

9. Section 2–719 does not set any standards for limitation of remedies as does § 2–316 for disclaimer of warranties. Whether limitation of remedy in the case of commercial loss also controlled by § 2–316 standards of understandability and noticeability is a question for another day.

*al, Inc.,* 126 N.J.Super. 401, 315 A.2d 30 (1973) *affd.* 64 N.J. 260, 315 A.2d 16 (1973).[10]

■ Under § 2–719(3) (consumer goods) the presumption of unconscionability arises from the simultaneous presence of three facts: (1) a contract clause excluding consequential damages, (2) an accident caused by a consumer product and (3) resulting personal injuries. The absence of a defect, as argued by Phillips, is irrelevant to the question of liability in an action for breach of warranty under the code. If a seller warrants consumer goods he warrants them for all purposes. We find no difference in the unconscionability of an attempt to exclude a remedy for personal injuries from a warranty *implied* by the code and an attempt to exclude a remedy for personal injuries from an express warranty. If a warranty is present it becomes unimportant whether it is implied by law or expressly created by the seller. A personal injury remedy limitation of either if it concerns consumer goods is prima facie unconscionable under § 2–719(3).

■ This does not mean all limitations of remedies under this provision are per se unconscionable. The explanation lies in the problem of proof. The seller has the burden of establishing the validity of any limitation.[11] Certainly a seller should be able to escape no-fault liability. But this must be achieved in some manner not violative of the code. For example a seller might provide that he does not guarantee the tire will not blow out, but if it does he promises to replace it.

■ There is nothing in the record and Phillips advises us of no evidence overcoming the clear unconscionability of limiting plaintiff's remedy to repair or replacement of the tire.

This cause is reversed and remanded for new trial against Phillips wherein plaintiff will confine herself to the theory of breach of express warranty. All other issues have been determined and are final.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, SiMMS and HARGRAVE, JJ., concur.

BERRY and BARNES, JJ., dissent.

---

10. Also see *Matthews v. Ford Motor Company,* 479 F.2d 399 (4th Cir. 1973); *Hansen v. Firestone Tire & Rubber Co.,* 276 F.2d 254 (6th Cir. 1960); *Walsh v. Ford Motor Company,* 59 Misc.2d 241, 298 N.Y.S.2d 538 (1969); Pre code law see *Henningsen v. Bloomfield,* 32 N.J. 358, 161 A.2d 69 (1960); *Haley v. Merit Chevrolet, Inc.,* 67 Ill.App.2d 19, 214 N.E.2d 347 (1966); generally Miller *The Crossroads,* 21 OLR 411; *Presumptions of Unconscionability and Nondefective Products under the Uniform Commercial Code,* 50 N.Y.U.L.Rev. 148 (1975).

11. One author suggests somewhat skeptically it could be possible for a seller to rebut the presumption by showing the exclusion clause was conspicuously printed, that it was explained to the buyer, that the parties bargained over it, and that the buyer knew the products had a tendency to be dangerous. See White & Summers, Uniform Commercial Code, p. 385 n. 48 (1972).