Lester HOLLINS et al., Appellants,

v.

LONE STAR GAS COMPANY et al., Appellees.

No. 6155.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 8, 1958.

McKool & Bader, Dallas, for appellants.

Thompson, Knight, Wright & Simmons, Dallas, Turner, Atwood, White & Frances, Dallas, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal by appellants Lester Hollins and Ceodis Hill from a summary judgment in one of the district courts of Dallas County sustaining the plea of limitation of Lone Star Gas Company and E. H. Reeder Construction Company, Inc. They have perfected their appeal and the cause is before us by transfer by the Supreme Court.

Appellants Hollins and Hill were injured while in the course of their employment with the McDonald Construction Company on October 25, 1954. Workmen's compensation insurance was carried by Service Mutual Insurance Company of Texas, which began November 5, 1954, weekly payments of workmen's compensation benefits and the sum of $275 was paid to each of the appellants in that manner. The insurance company reached compromise settlement agreements with appellants on January 19, 1955, and such agreements were approved by the Industrial Accident Board January 24, 1955. This suit was filed January 22, 1957. It is noted that suit was filed less than two years after date of approval of the compromise settlement agreements by the Industrial Accident Board and more than two years after compensation payments were first made, and more than two years after compromise settlement agreements were reached between the appellants Hollins and Hill and the compensation insurance carrier.

The trial court sustained the motion for summary judgment by the appellees, holding that the appellants' suit was barred by the 2-year statute of limitations, Vernon's Ann.Civ.St. art. 5526, and dismissed the cause.

On appeal the evidence is not in dispute and the only question for determination is whether limitation began to run on the date of the approval of the compromise settlement agreements by the Industrial Accident Board or at an earlier date, either the date when weekly compensation payments were initiated or when the compromise settlement agreements were signed by the two injured men and the workmen's compensation insurer.

This is a similar case to the case of Brooks v. Lucky, Tex.Civ.App., 308 S.W. 2d 273. The two causes were submitted on the same day and present the same question of law for determination. For the reasons and upon the authorities cited and quoted from in the opinion in that case, we hold that limitation did not begin to run until the date of the approval of the compromise settlement by the Industrial Accident Board and that the cause of action of the appellants here was not barred by the 2-year statute of limitations. The judgment of the trial court is reversed and the cause is remanded for trial upon the merits.