Richard D. HOLIFIELD et al., Appellants,

v.

NATIONAL CYLINDER GAS DIVISION OF CHEMETRON CORP. et al., Appellees.

No. 5587.

Court of Civil Appeals of Texas, Waco.

Sept. 23, 1976.

Rehearing Denied Oct. 14, 1976.

**219**

John E. Collins, McGuire, Levy, Collins & McCurley, Irving, for appellants.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Lewis R. Sifford, Anderson, Henley, Shields, Bradford, Pritchard & Miller, Dallas, for appellees.

## OPINION

JAMES, Justice.

This is a suit by two workman's compensation claimants against two "third parties" for personal injuries growing out of the explosion of an allegedly defective oxygen cylinder. The Defendants, Appellees herein, pleaded the two year statute of limitations and moved for summary judgment. The trial court entered summary judgment that Plaintiffs take nothing, from which Plaintiffs appeal. We affirm.

This is a damage suit brought by Plaintiff-Appellants Richard D. Holifield and Aleroy Zoller against National Cylinder Gas Division of Chemetron Corporation, and Texas Welding Supply, Inc., arising out of personal injuries sustained by Plaintiffs. On or about May 25, 1966, Plaintiffs Holifield and Zoller were working for Capital Refrigeration, Inc., in Dallas, Texas, installing air conditioning units in motor vehicles, at which time they were attempting to fill some oxygen cylinders when one of the cylinders exploded, amputating both of Hol-

ifield's legs just below the main trunk of his body and amputating both of Zoller's legs at the knee level. At the time of their injuries, Holifield was 19 years old and Zoller was 63 years old. The Defendants National Cylinder and Texas Welding Supply were alleged to be the manufacturers, suppliers, and servicing people of the oxygen cylinder which exploded; and Plaintiffs' pleadings alleged two theories of recovery against said Defendants, to wit: (1) negligence, and (2) violation of certain implied warranties of fitness of said oxygen cylinder. In this same suit Plaintiffs sued their employer's workman's compensation carrier, American Motorists Insurance Company, to. determine Plaintiffs' right to future medical benefits with respect to the "third party" case they had filed against Defendants National Cylinder and Texas Welding Supply. The answer of Defendants National Cylinder and Texas Welding Supply included a special pleading of the two year statute of limitations.

Plaintiffs did receive their workman's compensation benefits from American Motorists, the carrier, but the payment of such benefits were handled differently for each Plaintiff, as more particularly hereinafter pointed out.

This suit was filed March 16, 1972.

As stated, the Defendants National Cylinder and Texas Welding Supply filed motions for summary judgment upon the theory that Plaintiffs' cause of action was barred by the two year statute of limitations. The trial court severed the Plaintiffs' cause of action against the carrier, American Motorists, from the suit against National Cylinder and Texas Welding Supply, and entered summary judgment that Plaintiffs Holifield and Zoller take nothing against National Cylinder and Texas Welding Supply, from which Plaintiffs appeal.

Plaintiff-Appellants assert error in the trial court's granting the summary judgment because (1) The statute of limitations was tolled during the pendency of Plaintiffs' workman's compensation claims, and (2) That the two year statute of limitations for personal injuries (Article 5526, Vernon's

Ann.Texas Statutes) does not apply, but instead the four year statute of limitations (Article 2.725 of the Business and Commerce Code) applies, insofar as Plaintiffs' cause of action based upon "implied warranty" is concerned. We overrule all of Appellants' points and contentions and affirm the trial court's judgment.

Since the key question in the case concerns the statute of limitations problem, the following chronology sets out the significant dates for each Plaintiff-Appellant, to wit:

*Holifield:*

(1) Date of injuries—*May 25, 1966.*

(2) Original compromise settlement agreement approved by the Industrial Accident Board—*April 18, 1967.*

(3) Accelerated payment period ends on Holifield—*September 22, 1969.*

(4) Order of Industrial Accident Board entered modifying original Board's order of April 18, 1967 which limited future medical benefits on Holifield—*February 16, 1970.* In other words, the original compromise settlement agreement approved by the Board on April 18, 1967, limited Holifield's future medical benefits to 34 weeks. The order of the Board dated February 16, 1970, amended the original Board's order so as to remove the limitations on future medical benefits as provided by Article 8306, Section 7, and Article 8307, Section 5, Vernon's Ann.Civil Statutes.

Plaintiffs' suit filed against Defendants National Cylinder and Texas Welding Supply—*March 16, 1972.*

*Zoller:*

(1) Date of injuries—*May 25, 1966.*

(2) Date of the letter to the Industrial Accident Board from American Motorists (the Plaintiffs' employers' workman's compensation. carrier) outlining payments to Zoller, a copy of which letter was sent to Zoller—*December 12, 1967.* This letter is significant because in it the carrier expressly assumes the obligation of total and permanent workman's compensation benefits to Zoller in the following language:

"We are paying Mr. Zoller $35.00 per week, having paid the 81st week for the period ending December 13, 1967 and, *since Mr. Zoller is, by statute, totally and permanently disabled,* there remains 320 weeks to be paid. *American Motorists Insurance Company recognizes this case to be, without question, a total and permanent case* and has felt that it is to the best interest of Mr. Zoller that his benefits be paid weekly _ _ _." (emphasis supplied).

(3) Accelerated payment period ends on Zoller—*September 16, 1970.*

(4) Date of filing Plaintiffs' suit against Defendants National Cylinder and Texas Welding Supply—*March 16, 1972.*

The main thrust of the first portion of Plaintiff-Appellants' arguments is to the effect that the statute of limitations was tolled because of the entitlement of Plaintiffs to future medical benefits, and that therefore their suit was not barred by the two year statute of limitations. We overrule this contention. The events pertinent to this suit occurred prior to the 1973 amendment to Section 6a, Article 8307, Vernon's Ann.Civil Statutes. Section 6a prior to the 1973 amendment provided in part as follows:

"Where the injury . . . was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person . . . or against the association . . . *but not against both,* and if he *elects* to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law."

■ Appellants contend here that since they are entitled to future medical benefits, that limitations do not commence to run until all such benefits to which they may be entitled have been paid. In *Watson v. Glens Falls Insurance Co.* (Tex.1974), 505 S.W.2d 793, our Supreme Court held that the Legislature did not intend to include future medical payments within the election provision of Section 6a. Since Section

6a prior to the 1973 amendment did not apply to future medical expenses, the statute of limitations was not tolled in the case of either Appellant, and the causes of action of Appellants against Appellees are barred by the two year statute of limitations; Article 5526, Section 6, V.A.C.S.

■ In Holifield's case, his compromise settlement agreement with the carrier was approved by the Industrial Accident Board on April 18, 1967, and the statute of limitations began to run on his third party action against the Appellees herein from this date. *Brooks v. Lucky* (Beaumont, Tex.Civ.App. 1957), 308 S.W.2d 273, NRE; *Hollins v. Lone Star Gas Co.* (Beaumont, Tex.Civ.App. 1958), 308 S.W.2d 276, NRE; *Judice v. Sumner Sollitt Co. of Texas* (Beaumont, Tex. Civ.App.1961), 346 S.W.2d 135, NRE. Since this suit was filed against Appellees more than two years after April 18, 1967, to wit, on March 16, 1972, Holifield's cause of action against Appellees is barred by limitations.

■ In Zoller's case, as stated, the carrier wrote a letter to the Industrial Accident Board bearing date of December 12, 1967, with a copy furnished to Zoller, the pertinent language of which is hereinabove quoted, in which the carrier expressly and unequivocally assumed the payment of total and permanent benefits for Appellant Zoller. The statute of limitations began to run concerning Zoller's cause of action against Appellees herein on December 12, 1967, and since the instant suit was filed against Appellees more than two years after December 12, 1967, to wit, on March 16, 1972, Zoller's cause of action was barred by limitations. In other words, Zoller's cause of action accrued against Appellees on the date the carrier *assumed* liability for total and permanent benefits, to wit, on December 12, 1967. *Texas Employers' Insurance Assn. v. Texas & Pacific Railway Co.* (Eastland, Tex.Civ.App.1939), 129 S.W.2d 746, writ dismissed, judgment correct; *Buss v. Robison* (Amarillo, Tex.Civ.App.1952), 255 S.W.2d 339, NRE; *Yeary v. Hinojosa* (Houston 1st, Tex.Civ.App.1957), 307 S.W.2d 325, NRE; *Seward v. Robinson* (El

Paso, Tex.Civ.App.1976), 535 S.W.2d 778, NRE.

With reference to the Supreme Court's holding in *Watson v. Glens Falls Ins. Co.* (Tex.1974), 505 S.W.2d 793, to the effect that an election to pursue a third party did not constitute an election which would cut off future medical benefits under the Workmen's Compensation Act, Appellants in the case at bar try to avoid the application of the *Watson* holding by contending that our Supreme Court intended *Watson* to be *prospective only* in effect. We do not agree. There is no language used in *Watson* to indicate that it was intended to be prospective only in effect. Moreover, *Watson* did not overrule any prior holdings of the Supreme Court or any other Texas court. Additionally, cases bearing upon Section 6a insofar as future medical benefits are concerned, decided subsequent to and in the light of the *Watson* holding, clearly are based upon the assumption that the *Watson* holding was not intended to be prospective only. See *Finch v. Texas Employers Insurance Assn.* (Texarkana, Tex.Civ.App.1976), 535 S.W.2d 201, NRE; *Seward v. Robinson* (El Paso, Tex. Civ.App.1976), 535 S.W.2d 778, NRE. Therefore, in our opinion our Supreme Court did not intend for the *Watson* holding to be prospective only in effect, but applies to the case at bar.

Finally, Appellants contend that Article 5526, V.A.C.S., the two year statute of limitations concerning suits for personal injuries, does not apply to Appellants' suit upon the implied warranty theory against Appellees, but instead Article 2.725 of the Business and Commerce Code applies, citing *Morton v. Texas Welding and Manufacturing Co.* (S.D.Tex.1976), 408 F.Supp. 7. Article 2.725 provides in part: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

We do not agree with Appellants' contention in this regard. The "implied warranty" sued upon in the case at bar is not predicated upon breach of contract, but is grounded instead in tort. See *Jacob E.*

*Decker & Sons, Inc. v. Capps* (1942), 139 Tex. 609, 164 S.W.2d 828; *Goelz v. Wadley Research Institute and Blood Bank* (Dallas, Tex.Civ.App.1961), 350 S.W.2d 573, NRE; *Becker v. Volkswagen of America* (1975), 52 Cal.App.3d 794, 125 Cal.Rptr. 326; *Doss v. Apache Powder Co.* (5th Cir. 1970), 430 F.2d 1317. Therefore, we hold Article 5526, the two year statute of limitations applies to the case at bar.

We have carefully considered all of Appellants' points and contentions, and overrule same as being without merit. Since we hold that the cause of action of each Appellant against Appellees is barred by the two year statute of limitations, the summary judgment entered by the trial court was proper, and we accordingly affirm same.

AFFIRMED.