Richard Y. GARCIA

v.

TEXAS INSTRUMENTS, INC.

No. B–9484.

Supreme Court of Texas.

Dec. 17, 1980.

Leon Crum, Dallas, Thomas Black, San Antonio, for petitioner.

Thompson & Knight, David R. Noteware, Dallas, for respondent.

STEAKLEY, Justice.

This is a products liability case involving personal injuries resulting from an alleged breach of implied warranty under the Uniform Commercial Code.

During the period of August 16, 1974, to January 31, 1975, Texas Instruments, Inc.,

the Respondent, sold and delivered various quantities of concentrated sulfuric acid to the Mostek Corporation, the employer of our Petitioner, Richard Y. Garcia. On February 18, 1975, Garcia was moving cartons of acid from one location to another. The cartons, constructed of fiberboard, each contained four one–gallon glass containers. While carrying one of the cartons, Garcia tripped and fell, breaking a container and suffered severe acid burns.

On October 18, 1978, approximately three years and eight months after the accident, Garcia instituted suit against Texas Instruments for damages for personal injuries alleging a breach of the implied warranty of merchantability under Section 2.314 of the Texas Uniform Commercial Code [1] arising out of the sale of acid from Texas Instruments to Mostek Corporation. Garcia alleged that the acid was not merchantable in that it was not adequately contained, packaged and labeled and was not fit for the use for which it was intended. In the alternative, Garcia alleged that he was a third party beneficiary of the contract between Mostek and Texas Instruments. The pleadings cast the suit solely as a breach of implied warranty. No theory of recovery based on tort was alleged. Texas Instruments filed a general denial and a motion for summary judgment which alleged that Garcia's lawsuit was barred by Tex.Rev.Civ. Stat.Ann. art. 5526(4) (Supp.1980),[2] the two year statute of limitations for personal injuries, and that Garcia was not entitled to maintain an action under the warranty provisions of the Code because he was not a party to the sales contract between Texas Instruments and Mostek Corporation. In his response to the motion for summary judgment, Garcia argued that his suit was not barred by limitations because a personal injury action based on the breach of an implied warranty arising out of a sale of

1. All statutory references are to the Texas Business & Commerce Code unless otherwise indicated. All emphasis is by this Court.

2. Article 5526 provides in pertinent part:
 There shall be commenced and prosecuted within two years after the cause of action

shall have accrued, and not afterward, all actions or suits in court of the following description:

· · · · ·

4. Action for injury done to the person of another.

goods is governed by Section 2.725(a),[3] the Uniform Commercial Code four year statute of limitations. The trial court granted the motion for summary judgment and rendered judgment for Texas Instruments.

The Court of Civil Appeals affirmed the judgment of the trial court. The Court of Civil Appeals held that in the absence of a contractual relationship between the injured party and the supplier of the product causing injury, i. e., privity, a personal injury action based upon a breach of implied warranty under the Code is governed by Article 5526, the general statute of limitations applicable to personal injuries rather than the four year statute set forth in Section 2.725 of the Code. 598 S.W.2d 24. We disagree.

On appeal to this Court, Garcia argues that the Code expressly authorizes a cause of action for personal injuries and therefore his action is governed by the statute of limitations contained in the Code. Further, Garcia contends that the thrust of the holding of the Court of Civil Appeals is that the adoption of strict liability in tort relegated persons suffering product caused injuries to tort remedies exclusively. Garcia argues that this Court in its adoption of Section 402A Restatement (Second) of Torts in *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex.1967), did not abrogate the statutory remedies given by the Code regardless of whether products liability law would be simplified by requiring personal injury claims to be pursued exclusively in negligence and strict liability in tort. Finally, Garcia contends that imposing a requirement of privity before allowing an injured party to maintain a products liability action based on breach of warranty is contrary to the current trend of the law.

Texas Instruments replies that the gravamen of the complaint determines the applicable statute of limitations. Accordingly, it concludes that the present case is governed by the tort statute of limitations because a personal injury action based on a breach of implied warranty was considered at common law to lie in tort. Further, Texas Instruments emphasizes that at the time of the enactment of the Uniform Commercial Code, a consumer, in order to recover for losses caused by defective products, had to rely upon the implied warranty of fitness created by public policy as articulated in *Decker & Sons v. Capps*, 139 Tex. 609, 164 S.W.2d 828 (1942). Texas Instruments proposes that the Code provisions on personal injury were not intended to create a new statutory cause of action, but merely saved the existing common law remedy from elimination. The adoption of strict liability in tort eliminated the need to resort to the implied warranty created by public policy in order to recover for injuries caused by defective products. Texas Instruments argues that not only did the adoption of strict liability in tort abolish the common law implied warranty remedy, it also abrogated the cause of action for personal injuries existing under the Code because the Code and common law remedies were identical. Therefore, Texas Instruments concludes that a cause of action for personal injuries resulting from a breach of warranty does not exist under the Uniform Commercial Code even when the suit is between parties in direct privity of contract, but that such remedies lie solely in tort.

The Uniform Commercial Code recognizes that a cause of action may be based on both express and implied warranties and as to the latter may be based on the warranty of merchantability, § 2.314, and the warranty of fitness, § 2.315. We also note that neither the Code's express warranty, § 2.313, nor the Texas Deceptive Trade Practices Consumer Protection Act, §§ 17.41 to 17.63, are before us here.[4] The warranty of mer-

---

3. Section 2.725 provides in pertinent part:

 (a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. . . .

4. It should be noted that in order for an injured party to recover treble actual damages in excess of $1,000.00 in a breach of warranty action under the Deceptive Trade Practices Consumer Protection Act, it is necessary that the trier of fact find that the party breaching the warranty did so "knowingly." § 17.50(b)(1) (Supp.1979).

chantability, § 2.314, is the only Code warranty provision here under review.

The question before this Court is essentially two–fold. The threshold question is whether a cause of action exists under the Uniform Commercial Code for personal injuries resulting from the breach of an implied warranty of merchantability. If this question is answered in the negative, then Garcia's remedies for his injuries lie solely in tort, and his cause of action is barred by Article 5526, the two year personal injury statute of limitations. If we determine that Garcia is entitled to maintain a personal injury claim under the implied warranty provisions of the Code, we must then decide to what extent, if any, privity operates as a defense to the maintenance of this action. If lack of privity prevents Garcia from maintaining an action based on the Code it would follow that the Code statute of limitations is inapplicable and his suit is barred by Article 5526(4).

▮ The following statutory provisions in addition to Article 5526 and § 2.725(a), set out at footnotes two and three respectively, are pertinent to the disposition of this cause:

§ 2.314. Implied Warranty: Merchantability; Usage of Trade

(a) Unless excluded or modified (Section 2.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(b) Goods to be merchantable must be at least such as

(1) pass without objection in the trade under the contract description; and

(2) in the case of fungible goods, are of fair average quality within the description; and

(3) are fit for the ordinary purposes for which such goods are used; and

(4) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(5) are adequately contained, packaged, and labeled as the agreement may require; and

(6) conform to the promises or affirmations of fact made on the container or label if any.

(c) Unless excluded or modified (Section 2.316) other implied warranties may arise from course of dealing or usage of trade.

§ 2.715. Buyer's Incidental and Consequential Damages

(a) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

(b) Consequential damages resulting from the seller's breach include

(1) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(2) injury to person or property proximately resulting from any breach of warranty.

Prior to the enactment of the Code, the majority of jurisdictions treated a personal injury action based on a breach of implied warranty as a tort action for purposes of the statute of limitations. R. Hursh & H. Bailey, American Law of Products Liability 2d § 17.11 at 82 (1975). Under this approach, the Court, without concern for the form of the action, looked to the type of damage, i. e., personal injury or property loss, and the nature of the duty breached, i. e., one expressed in the agreement of the parties or one implied in law, in determin-

There is no requirement of a "knowing" breach of warranty under the Code in order for an injured party to recover damages proximately resulting from a breach of warranty.

ing whether to apply the tort or contract statute of limitations.

Despite the Code's stated objective of establishing uniformity among the various jurisdictions concerning commercial transactions and their ramifications, § 1.102(b) (3), the interaction between the Code and the concept of strict liability in tort represents a frequent source of controversy.[5] The implied warranty provisions and § 2.725(a) of the Code have been subject to a variety of interpretations in jurisdictions confronted with the issue as to whether to apply its four year limitations provision in situations similar to the instant cause where an action premised on strict tort liability or negligence might be maintained for personal injuries.

Several jurisdictions have held that the enactment of the Code did not alter the common law rule that an implied warranty action lies solely in tort and have held that § 2.725(a) has no application to a personal injury action based on a breach of implied warranty.[6] Other courts, representing the weight of authority, have determined that a personal injury action based on a breach of implied warranty under the Code can be properly maintained and is governed by § 2.725(a) provided the injured claimant was in privity with the supplier of the defective product.[7] A third group of cases holds that an injured party is entitled to maintain an action for personal injuries resulting from a breach of implied warranty without any requirement of privity and the four year limitations provision contained in the Code controls.[8] Finally, in additional jurisdictions, the law on this question is either unsettled or is not subject to simplistic categorization.[9]

**5.** *See generally* Dickerson, *The ABC's of Products Liability–With a Close Look at Section 402A and the Code,* 36 Tenn.L.Rev. 439 (1969); Franklin, *When Worlds Collide: Liability Theories and Disclaimers in Defective–Product Cases,* 18 Stan.L.Rev. 974 (1966); McGuire & Wade, *Products Liability, The Commercial Code and the Practitioner,* 31 Tex.B.J. 107 (1968); Rapson, *Products Liability Under Parallel Doctrines: Contrasts Between the Uniform Commercial Code and Strict Liability in Tort,* 19 Rutgers L.Rev. 692 (1965); Shanker, *Strict Tort Theory of Products Liability and the Uniform Commercial Code: A Commentary on Jurisprudential Eclipses, Pigeonholes and Communication Barriers,* 17 W.Res.L.Rev. 5 (1965); Titus, *Restatement (Second) of Torts Section 402A and the Uniform Commercial Code,* 22 Stan.L.Rev. 713 (1970); Wade, *Is Section 402A of the Second Restatement of Torts Preempted by the Uniform Commercial Code and Therefore Unconstitutional?,* 42 Tenn.L.Rev. 123 (1974).

**6.** *E. g., Maynard v. General Elec. Co.,* 486 F.2d 538, 540 (4th Cir. 1973) (interpreting West Virginia law); *Tyler v. Street & Co.,* 322 F.Supp. 541, 543 (E.D.Va.1971) (interpreting Virginia law); *Becker v. Volkswagen of America, Inc.,* 52 Cal.App.3d 794, 125 Cal.Rptr. 326, 331 (Ct. App.1975); *Abate v. Barkers of Wallingford, Inc.,* 27 Conn.Supp. 46, 229 A.2d 366, 369 (1967) (trial court).

**7.** *E. g., Reid v. Volkswagen of America, Inc.,* 575 F.2d 1175, 1176 (6th Cir. 1978) (interpreting Michigan law); *Heavner v. Uniroyal Inc.,* 63 N.J. 130, 305 A.2d 412, 426–27 (1972); *Martin v. Julius Dierck Equip. Co.,* 43 N.Y.2d 583, 374 N.E.2d 97, 100, 403 N.Y.S.2d 185, 188

(1978); *Lee v. Wright Tool Co.,* 48 Ohio App.2d 148, 356 N.E.2d 303, 306 (1975); *Colvin v. FMC Corp.,* 43 Or.App. 709, 604 P.2d 157, 160 (1979); *Plouffe v. Goodyear Tire and Rubber Co.,* 373 A.2d 492, 495 (R.I.1977).

**8.** *E. g., Roberts v. General Dynamics, Convair Corp.,* 425 F.Supp. 688, 691 (S.D.Tex.1977) (interpreting Texas law); *Simmons v. Clemco Indus.,* 368 So.2d 509, 513 (Ala.1979); *Commercial Truck & Trailer Sales v. McCampbell,* 580 S.W.2d 765, 773 (Tenn.1979). Both Alabama and Tennessee have abolished by statute privity as a prerequisite to the maintenance of personal injury action. *See also Moody v. Sears, Roebuck & Co.,* 324 F.Supp. 844, 845 (S.D.Ga. 1971) (interpreting Georgia law) (citing the Georgia version of the UCC and holding, without further discussion, that an implied warranty action based on personal injuries must be brought within four years.)

**9.** *See, e. g., Sinka v. Northern Commercial Co.,* 491 P.2d 116, 118 (Alaska 1971) (holding UCC statute of limitations applicable to breach of warranty action for personal injuries between parties in privity; no subsequent Alaska decision involving parties not in privity). *Compare Salvador v. Atlantic Steel Boiler Co.,* 256 Pa. Super. 1148, 389 A.2d 1148, 1151 (1978) (holding that tort statute of limitations should be applied to all third party personal injuries arising from a defective product) *with Gardiner v. Philadelphia Gas Works,* 413 Pa. 415, 197 A.2d 612, 614 (1964) (U.C.C. limitations provision governed personal injury claim based on breach of warranty) *and Salvador v. Atlantic Steel Boiler Co.,* 457 Pa. 24, 319 A.2d 903, 907

As support for their position that the Code was not intended to apply to personal injury claims, Texas Instruments and the Court of Civil Appeals have cited decisions by this Court stressing the distinction between strict liability in tort and contractual actions based on the Code, and in which we have emphasized the necessity of clearly separating the theoretical bases of the two concepts. *Mid Continent Aircraft Corp. v. Curry Cty. Spraying Serv., Inc.*, 572 S.W.2d 308 (Tex.1978); *Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77 (Tex.1977). In *Nobility Homes*, we held that in the absence of personal injuries, an action for economic loss may not be maintained under a theory of strict liability in tort but must be brought under the Uniform Commercial Code because the "Code was drafted specifically to govern commercial losses and obviously provides the proper remedies to recover such losses." 557 S.W.2d at 80. Similarly, in *Mid Continent*, we stated:

The Uniform Commercial Code was adopted by the Legislature as a comprehensive and integrated act to facilitate the continued expansion of commercial practices. Tex.Bus. & Comm.Code Ann. § 1.102. For sales of products the above purpose is carried out by Article 2 of the Code, which supplies a complete framework of rights and remedies for transacting parties. In light of the Code's scope and purpose, its terms should not be nullified by applying strict liability when the parties have contracted otherwise. Such an expansion of strict liability would frustrate the Code's purposes of codifying the law of commercial transactions by displacing its applicability in all cases where the sale of faulty products is involved.

572 S.W.2d at 312.

However, in neither *Nobility Homes* nor in *Mid Continent* did this Court state that the remedies provided by strict liability in tort and the warranty sections of the Code, are, in all respects, mutually exclusive. In *Signal Oil and Gas Co. v. Universal Oil Prods.*, 572 S.W.2d 320, 326 (Tex.1978) we recognized that defective product remedies are provided by both the Restatement (Second) of Torts and the Texas Business and Commerce Code. 572 S.W.2d at 326.[10]

Perhaps, in certain circumstances strict liability in tort would represent a less complicated vehicle for recovery by a plaintiff injured by a defective product. Several courts have expressed concern over the theoretical difficulties conceivably inherent in the application of certain Code provisions to a personal injury claim based on a breach of implied warranty such as those involving the elements of proof, causation, notice and disclaimer. These are not found in an action premised on strict liability in tort. *See, e. g., Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 305 A.2d 412, 426 (1972); *Pearson v. Franklin Laboratories, Inc.*, 254 N.W.2d 133, 138–39 (S.D.1977); *Austin v. Ford Motor Co.*, 86 Wis.2d 628, 273 N.W.2d 233, 240 (1979). Other authorities have emphasized the need for uniformity in products liability law and have theorized that to sanction separate theories of recovery governed by different substantive rules would unneces-

(1974) (neither lack of horizontal nor lack of vertical privity barred personal injury suit premised on breach of warranty); *Compare Berry v. G. D. Searle & Co.*, 56 Ill.2d 548, 309 N.E.2d 550, 556 (1974) (holding that U.C.C. limitations provision applied to breach of warranty action for personal injuries and privity between injured user and manufacturer of contraceptive was not required) *with Knox v. North American Car Corp.*, 80 Ill.App.3d 683, 35 Ill.Dec. 827, 399 N.E.2d 1355, 1360 (1980) (in absence of vertical privity or horizontal privity within the parameters of the Illinois version of U.C.C. § 2.–318, tort statute of limitations governed personal injury claim based on breach of implied warranty).

10. The trio of decisions by this Court, *Nobility Homes, Mid Continent,* and *Signal Oil,* exploring the distinction between contract and tort theories of warranty have sparked considerable discussion by Texas commentators. *See generally* Keeton, *Annual Survey of Texas Law, Torts,* 33 Sw.L.J. 1, 1–14 (1979); Keeton, *Annual Survey of Texas Law, Torts,* 32 Sw.L.J. 1, 3–9 (1978); Winship, *Annual Survey of Texas Law, Commercial Transactions,* 33 Sw.L.J. 203, 208 (1979); Comment, *Economic Loss, 402A, and an Unreasonably Dangerous Product: Can Mid Continent Aircraft, Signal Oil and Nobility Homes be Reconciled?,* 10 St. Mary's L.J. 569 (1979).

sarily complicate the already complex law concerning defective products. *See Heavner v. Uniroyal, Inc., supra; Colvin v. FMC Corp.,* 43 Or.App. 709, 604 P.2d 157, 160 (1979).

Despite these concerns, the majority of jurisdictions that have considered the question have recognized the existence of a cause of action for personal injuries under the Code for breach of implied warranty. Conceptual difficulties inherent in the application of the Code to personal injury claims have been resolved on a case by case basis. *See Morton v. Texas Welding & Mfg. Co.,* 408 F.Supp. 7, 11 (S.D.Tex.1976) (cause of action for personal injuries caused by warranty breach accrues at time of injury, not time of delivery); *Simmons v. Clemco Indus.,* 368 So.2d 509, 515 (Ala.1979) (notice requirements of § 2–607 are not applicable to non–purchaser suffering personal injuries resulting from breach of warranty). *See also* Comment, *Consumer Claims for Personal Injuries Under Texas UCC Implied Warranties–Defenses,* 16 Hous.L.Rev. 165 (1978).

We disagree with the conclusion of the Court of Civil Appeals that the Code merely "purports" to allow a buyer to recover from a seller damages for personal injuries proximately resulting from the seller's breach of warranty. 598 S.W.2d at 24. To the contrary, the Code establishes an alternative remedy to strict liability in tort with respect to injuries suffered from a defective product.[11] Recognition of this statutory cause of action is mandated by the express provisions of the Code. Section 2.715(b)(2) states:

> § 2.715. Buyer's Incidental and Consequential Damages
>
> . . . . .
>
> (b) Consequential damages resulting from the seller's breach include
>
> . . . . .

> (2) *injury to person or property proximately resulting from any breach of warranty.*

Section 2.719(c) provides:

> § 2.719. Contractual Modification or Limitation of Remedy
>
> . . . . .
>
> (c) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. *Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.*

The Illinois Supreme Court in *Berry v. G. D. Searle & Co., supra,* when facing the question presently before this Court stated:

> The aforementioned Code provisions [§§ 2–314, 2–715(2)(b), 2–719(3) and 2–725] clearly demonstrate the legislative intent to create a statutory cause of action for breach of implied warranty to afford consumer protection to those who sustain personal injuries resulting from product deficiencies. This remedy is distinct and in addition to that existing in strict tort liability . . . .

*Id.,* 309 N.E.2d at 553. We are in accord, and accordingly reject the argument of Texas Instruments that a cause of action for personal injuries resulting from a breach of warranty does not exist under the Code. *See* McGuire & Wade, *Products Liability, The Commercial Code and the Practitioner,* 31 Tex.B.J. 107, 108 (1968). Our adoption of Section 402A of the Restatement (Second) of Torts cannot be held to repeal the Code sections providing redress for personal injury based on a breach of implied warranty as such would be an invasion of the legislative field.[12] *See Railroad*

---

**11.** *Accord Hiigel v. General Motors Corp.,* 190 Colo. 57, 544 P.2d 983, 990 (1975); *West v. Caterpillar Tractor Co., Inc.,* 336 So.2d 80, 88 (Fla.1976); *Berry v. Searle, supra,* 309 N.E.2d at 554; *Tuttle v. Kelly–Springfield Tire Co.,* 585 P.2d 1116, 1118 (Okl.1978); *Colvin v. FMC Corp., supra,* 604 P.2d at 160; *Pearson v. Franklin Laboratories, supra,* 254 N.W.2d at

138–39; *Layman v. Keller Ladders, Inc.,* 224 Tenn. 396, 455 S.W.2d 594, 596 (1970). *Contra Austin v. Ford Motor Co., supra,* 273 N.W.2d at 240.

**12.** Dean Page Keeton has stated that one of the reasons underlying the complexity of products liability law is that a product supplier may be

*Comm'n of Texas v. Miller*, 434 S.W.2d 670, 672 (Tex.1968).

Despite the explicit language of the Code, Texas Instruments additionally contends that the form of the pleadings, i. e., the gravamen of the complaint, should determine whether a cause of action sounds in tort or contract and hence the applicable statute of limitations, citing *Huizar v. Four Seasons Nursing Centers*, 562 S.W.2d 264 (Tex.Civ.App.1978, writ ref'd). *Huizar* does not govern the disposition of this appeal for two reasons. First, Garcia did not plead negligence or any facts which would constitute negligence. Second, *Huizar* involved a common law cause of action in which nature of the remedy and the governing statute of limitations was determined by the facts alleged. In contrast, this cause does not involve a common law remedy but involves a statutory cause of action.

We recognize that this Court has broadly stated when considering a common law remedy that an implied warranty arising from sales sounds in tort and not in contract. *Humber v. Morton*, 426 S.W.2d 554, 556 (Tex.1968); *see also Decker & Sons v. Capps*, 139 Tex. 609, 164 S.W.2d 828 (1942). These decisions, however, are not determinative of our holding here that a statutory cause of action exists under the Code for personal injuries suffered as result of a breach of implied warranty. The Code provides a statutory remedy, hence the traditional distinctions between tort and contract are not relevant. *See Redfield v. Mead, Johnson and Co.*, 266 Or. 273, 512 P.2d 776, 778 (1973).

Both the Court of Civil Appeals and Texas Instruments have cited *Holifield v. National Cylinder Gas Div. of Chemotron Corp.*, 542 S.W.2d 218 (Tex.Civ.App.1976, writ ref'd n. r. e.) as support for the position that the two year statute of limitations for personal injuries governs this cause. In *Holifield*, the court stated that a personal injury suit based upon an implied warranty under the Code is governed by the two year statute of limitations governing personal injuries rather than § 2.725(a) of the Code. *Id.* at 222. However, this language was dicta as the facts set out in the opinion of the Court of Civil Appeals show that the action in *Holifield* was barred by both the two year and four year limitations provisions.

We now turn to the question of to what extent, if any, the absence of privity operates as a bar to the maintenance of an action for personal injuries based on a breach of implied warranty under the Code. The Court of Civil Appeals has held that the Code was designed to govern commercial transactions, hence an implied warranty action for personal injuries could be maintained only as between the immediate buyer and seller of a product. We disagree.

 One of the problems traditionally involved in products liability litigation has been that of privity of contract, i. e., whether there could be recovery against a supplier for injuries caused by a defective product when the person who suffered the injury was not a direct party to the sale, and hence was not in privity of contract with the manufacturer or seller of a defective product. *See* 63 Am.Jur.2d *Products Liability* § 157 at 161 (1972); *see also* Prosser, *The Fall of the Citadel (Strict Liability to the Consumer)*, 50 Minn.L.Rev. 791 (1966); Prosser, *The Assault Upon the Citadel (Strict Liability to the Consumer)*, 69 Yale L.J. 1099 (1960). There are two types of privity of contract. "Vertical privity" is privity which includes all parties in the distribution chain from the initial supplier of the product to the ultimate purchaser. "Horizontal privity" describes the relationship between the original supplier and any non–purchasing party who uses or is affect-

---

subject to liability on any one of three alternative theories: negligence, strict liability in tort, and breach of warranty. Dean Keeton advocates that in the interests of achieving simplicity and uniformity in the law of defective products, "... the appropriate provisions of the Business & Commerce Code should be amend-

ed to limit such damages [personal injury] to economic losses resulting from failure of the product to meet minimum requirements of quality and efficiency." Keeton, *Annual Survey of Texas Law, Torts*, 32 Sw.L.J. 1, 3 (1978); *see* Keeton, *Annual Survey of Texas Law, Torts*, 34 Sw.L.J. 1, 4 (1980).

ed by the product, such as the family of the ultimate purchaser or a bystander. J. White & R. Summers, Uniform Commercial Code § 11–2 at 399 (2d ed. 1980); *see also Knox v. North American Car Corp.*, 80 Ill. App.3d 683, 35 Ill.Dec. 827, 399 N.E.2d 1355, 1359 (1980).

 In *Darryl v. Ford Motor Co.*, 440 S.W.2d 630, 633 (Tex.1969), a case of horizontal privity, this Court ruled in a 402A action that privity of contract is not required before a party injured by a defective product may maintain a cause of action based on strict liability in tort. In *Nobility Homes, supra*, a case of vertical privity, we held that privity was not a requirement for a Uniform Commercial Code implied warranty action for economic loss. Thus, to some extent the question before this Court is whether the holdings in *Darryl v. Ford Motor Co., supra*, and *Nobility Homes, supra*, are to be extended to an implied warranty personal injury action between parties in horizontal privity, as here.

In resolving this question, we first examine the privity provisions of the Texas version of the Uniform Commercial Code and the provisions of other states that have refused recovery for personal injuries in a Code breach of warranty action in the absence of privity. The Uniform Commercial Code as enacted by the Texas Legislature is neutral on the requirement of privity. Section 2.318 provides:

> § 2.318. Chapter Neutral on Question of Third Party Beneficiaries of Warranties of Quality and on Need for Privity of Contract
>
> This chapter does not provide whether anyone other than a buyer may take advantage of an express or implied warranty of quality made to the buyer or whether the buyer or anyone entitled to take advantage of a warranty made to the buyer may sue a third party other than the immediate seller for deficiencies in

the quality of the goods. These matters are left to the courts for their determination.

By thus delegating the question of privity to case law, the Texas Legislature adopted a unique position among the states that have adopted the Code. The majority of the states have adopted one of the three alternative formulations of § 2.318 offered by the U.C.C. Editorial Board. *See* R. Anderson, Uniform Commercial Code § 2–318 (1970). The three alternative versions extend the seller's warranty to natural persons other than the actual purchaser of the product.[13] Alternative A which is the most restrictive provision, states:

> A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.

Alternative B broadens the class of persons protected, but retains the personal injury requirement:

> A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

Alternative C, the broadest version, covers the same category of persons as Alternative B but deletes the personal injury requirement:

> A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury

**13.** The three alternative versions of § 2–318 apply only to parties in horizontal privity to the supplier of a product. The Uniform Commercial Code is neutral on the question of vertical privity and leaves its resolution to the courts. Comment 3 to § 2–318 provides:

The section . . . is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain.

to the person of an individual to whom the warranty extends.[14]

The majority of jurisdictions which have refused to extend the Code implied warranty provisions for personal injuries to parties not in privity with the supplier of a product have generally done so on either or both of two grounds: (1) the Code was specifically designed to govern commercial transactions between parties in privity; and personal injury recovery should be construed narrowly; and (2) the forum state legislature in its enactment of § 2–318 Alternative A of the Code rejected the broader provisions of Alternatives of B and C and thereby evinced a legislative intent to limit recovery to a specific class of claimants. Neither is controlling here. We have ruled above that the Texas Code provided a remedy for parties suffering personal injuries resulting from a breach of implied warranty. Additionally, the Legislature has delegated the question of privity to our courts. The Court of Civil Appeals here reasoned that the Code was drafted only with the intention of governing relations between immediate buyers and sellers. This conclusion is not consistent with our holding in *Nobility Homes, supra*, which authorized the maintenance of an implied warranty action for economic loss in the absence of privity.

The factors relevant to our decision here are essentially those which led us to reject privity as a requirement in actions based on strict liability in tort. In *Darryl v. Ford Motor Co., supra*, we wrote:

> ... There is no adequate rationale or theoretical explanation why non–users and non–consumers should be denied recovery against the manufacturer of a defective product. The reason for extending the strict liability doctrine to innocent bystanders is the desire to minimize risks of personal injury and/or property damage. A manufacturer who places in commerce a product rendered dangerous to life or limb by reason of some defect is strictly liable in tort to one who sustains injury because of the defective condition....

440 S.W.2d at 633.[15]

We hold that privity of contract is not a requirement for a Uniform Commercial Code implied warranty action for personal injuries. Therefore, the implied warranty action of Garcia, filed approximately three years and eight months after the sale of the sulfuric acid, is not barred by limitations; it is governed in its entirety by the Uniform Commercial Code, including the four year statute of limitations set forth in § 2.725(a).

14. Until 1966, Alternative A was the only official version of § 2–318. The Editorial Board, in its 1966 Comments, stated that the numerous state variations in § 2–318 in reaction to its narrowness prompted the issuance of Alternatives B and C. *See* Note, *Reforming The Law of Consumer Recovery and Enterprise Liability Through The Uniform Commercial Code*, 60 Va.L.Rev. 1013, 1032 (1974).

15. The majority in *Colvin v. FMC Corp.*, 43 Or.App. 709, 604 P.2d 157 (1979), held that privity of contract was a prerequisite to a cause of action for breach of warranty to recover for personal injuries. The Oregon court reached this decision on the grounds that privity is required under Oregon law in order to maintain a Code implied warranty action for economic loss and the Oregon Legislature had enacted Alternative A of § 2–318, thus indicating a legislative intent to limit warranty beneficiaries. 604 P.2d at 160–161. Even so, the rationale of the dissenting opinion is noteworthy:

> The same rationale can and should logically extend to manufacturers' and sellers' warranties. If a product will *foreseeably* come into contact with persons other than the direct purchaser and if, because it is not as warranted, it causes *physical injury* to such persons, there is no less reason for permitting the injured person to seek recovery on a warranty theory against the manufacturer or seller who gave the warranty than to proceed under Section 402 A. For example, the manufacturer of the insecticide in this case could well have foreseen that persons other than the purchaser would be exposed to the product which was allegedly warranted to be safe for use in the purchaser's plant, and that those persons could be injured if the product were not safe when so used.... In sum, I regard the rationale for dispensing with privity when a physically injured plaintiff's theory is strict liability to be equally persuasive when a plaintiff seeks to recover for such an injury on a breach of warranty theory.... *Id.* at 162. (Thornton, J., and Lee, J., dissenting).

Accordingly, the judgments of the courts below are reversed and the cause is remanded to the trial court.