**Jake CLEVELAND, Appellant,**

v.

**SQUARE–D COMPANY et al., Appellees.**

**No. A2486.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 4, 1981.

Rehearing Denied March 25, 1981.

Asberry B. Butler, Jr., Houston, for appellant.

Alice Giessel, Talbert, Giessel & Stone, David M. Lacey, Baker & Botts, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a summary judgment granted in favor of defendants that plaintiff take nothing in his suit for damages for the death of his father brought under theories of strict liability and breach of implied warranty. Suit was filed more than two but less than four years after the injury. Summary judgment was granted based on the two year statute of limitations of Tex.Rev.Civ.Stat.Ann. art. 5526 (Supp. 1980) which governs personal injury actions sounding in tort. The plaintiff contends the four year statute of limitations of Tex. Bus. & Comm. Code Ann. § 2.725 (1976) applies to his alleged cause of action for breach of warranty. We agree and therefore sever and reverse and remand that portion of the suit based on his breach of warranty claim and affirm as to the remainder of plaintiff's lawsuit.

On April 5, 1978, the plaintiff filed his petition alleging that his father died on March 2, 1975, as a result of injuries received on that date when he was crushed in a hangar door at Houston Executive Airport where he was employed. Suit was filed against the sellers and installers of the door. The defendants pleaded the statute of limitations as a defense and moved for summary judgment on the ground that plaintiff's cause of action was barred by the two year statute of limitations of Tex.Rev. Civ.Stat.Ann. art. 5526 (Supp.1980) governing personal injury actions. Summary judgment was granted and plaintiff appeals, his sole point of error on appeal being that the four year statute of limitations of Tex. Bus. & Comm. Code Ann. § 2.725 (1976) applies where personal injuries are sustained as a result of any breach of warranty. Tex. Bus. & Comm. Code Ann. § 2.715(b)(2) (1976).

The recent decision in *Garcia v. Texas Instruments, Inc.*, 610 S.W.2d 456, 24 Tex.Sup.Ct.J. 12 (Dec. 20, 1980), is directly in point and controls the disposition of this case. In that personal injury action brought for breach of the implied warranty of merchantability the court held that a statutory cause of action exists under the code for personal injuries suffered as a result of breach of implied warranty, that the four year statute of limitation of the code applies in such cases and that lack of privity does not operate as a defense to maintenance of such an action.

The instant case, being one for damages for injuries resulting in death as a result of breach of warranty, is controlled by the four year statute of limitations, and there-

fore, the summary judgment was improperly granted as to that cause of action. Such breach of warranty action is therefore severed and as severed is remanded for trial on the merits.

 As to plaintiff's strict liability action under § 402A of the Restatement (Second) of Torts which is governed by the two year statute of limitations, Tex.Rev.Civ.Stat. Ann. art. 5526, the granting of the summary judgment was proper, and we therefore affirm that portion of the summary judgment.

Accordingly, we affirm in part and reverse and remand in part.