Carol A. GARVIE, Plaintiff-Appellant,

and

United States Fire Insurance Co., Intervenor-Appellant,

v.

DUO–FAST CORPORATION, Defendant-Appellee.

No. 82–1563.

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1983.

Rehearing Denied Sept. 23, 1983.

Jenks Garrett, Arlington, Tex., for Garvie.

Grady W. Harris, James Stephen Kennedy, Arlington, Tex., for U.S. Fire Ins. Co.

E. Glen Johnson, Janice A. Schattman, Fort Worth, Tex., for defendant-appellee.

Before RUBIN and JOLLY, Circuit Judges, and PUTNAM *, District Judge.

PER CURIAM:

We again address the question when a cause of action for breach of warranty under the Texas Uniform Commercial Code (UCC)[1] accrues. Because the case is controlled by our decision in *Clark v. DeLaval Separator Corp.,* 639 F.2d 1320 (5th Cir. 1981), we affirm the judgment of the district court.

In February 1978, a staple from a staple gun manufactured by Duo-Fast struck Carol Garvie in the eye during the course of her employment.[2] She filed this suit on January 15, 1982, alleging that the staple gun was inherently dangerous, hence defective, and that it was not fit for its intended purpose. One claim sounded in tort, the other in contract, alleging that Duo-Fast breached an implied warranty.

Duo-Fast filed a motion for summary judgment in June 1982, asserting that both of Garvie's causes of action were barred by the running of the statute of limitations. The district judge granted the motion. He concluded that the tort claim was barred by Texas' two-year statute of limitations.[3] He held that the breach of warranty claim was barred by the four-year statute of limitations[4] because Garvie's cause of action had accrued at the time her employer bought the staple gun from Duo-Fast. Garvie appeals only the dismissal of the latter claim.

In *Garcia v. Texas Instruments, Inc.,* 610 S.W.2d 456 (Tex.1980), the Texas Supreme Court held that the Texas UCC warranty provisions establish a cause of action for personal injuries and that such actions are governed by the four-year limitations provision of UCC article 2.725.[5] *Garcia* did not make clear, however, when the cause of action for such a breach accrues.[6]

In *Clark,* we held that such an action accrues "on the date of tender of delivery." 639 F.2d at 1325.[7] That case involved a milking machine that allegedly caused an outbreak of mastitis in the plaintiff's herd of cattle. We held that the plaintiff's damage action, filed in 1977, was barred by article 2.725 insofar as it sought to rely on a breach of warranty regarding machines the plaintiff bought in 1973. *Clark* did not

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. *See* Tex.Bus. & Comm.Code Ann. arts. 2.314, 2.315 (Vernon 1968).

2. Ms. Garvie recovered workers' compensation benefits. The carrier intervened on her behalf in this action.

3. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon Supp.1983).

4. Tex.Bus. & Comm.Code art. 2.725 (Vernon 1968).

5. (a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.... (b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made,* except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. Tex.Bus. & Comm.Code Ann. art. 2.725 (Vernon 1968) (emphasis added).

6. *See Garcia,* 610 S.W.2d at 457 (suit filed "three years and eight months after the *accident*") (emphasis added); *id.* at 465 (suit filed "three years and eight months after the *sale*" of the product) (emphasis added).

7. In *O'Brien v. Eli Lilly & Co.,* 668 F.2d 704, 711–12 (3d Cir.1982), the Third Circuit reached the same conclusion regarding § 2725 of the Pennsylvania UCC. It held that a claim against a DES manufacturer based on an implied warranty accrued when the plaintiff's mother bought the drug, sometime before the plaintiff's birth.

involve personal injuries, but its holding is indistinguishable from this case.[8]

The judgment of the district court is, therefore, AFFIRMED.

ALVIN B. RUBIN, Circuit Judge, specially concurring:

I concur in the court's judgment because we are bound by the decision in *Clark v. DeLaval Separator Corp.*, 639 F.2d 1320 (5th Cir.1981). Although I was a member of the panel that decided *Clark,* I write separately to state that, on further reflection, the result in that case seems unjust: a plaintiff's cause of action may have accrued and been extinguished before the plaintiff is injured.

A number of Texas cases hold that, when a written contract is involved, the period of limitations commences to run when the buyer discovers or should have discovered the injury. *See Tim Walter Homes, Inc. v. Castillo,* 616 S.W.2d 630, 633 (Tex.Civ.App. 1981) (quoting *Richman v. Watel,* 565 S.W.2d 101, 102 (Tex.Civ.App.1978)). This rule has repeatedly been followed in cases involving defects in homes which did not become apparent for some time after the sale from contractor to original purchaser. *E.g., Gibson v. John D. Campbell & Co.,* 624 S.W.2d 728 (Tex.Civ.App.1981); *Vaughn Building Corp. v. Austin Co.,* 620 S.W.2d 678 (Tex.Civ.App.1981) ("The rule is well established in Texas that a cause of action for breach of implied warranty does not arise until the buyer discovers or should have discovered the injury") (three citations omitted); *Conann Constructors, Inc. v. Muller,* 618 S.W.2d 564 (Tex.Civ.App.1981).

*Garcia,* as the court notes, did not make clear when the cause of action accrues. In *Cleveland v. Square-D Co.,* 613 S.W.2d 790, 791 (Tex.Civ.App.1981), the court permitted a suit in a personal injury case much like this one: "Suit was filed more than two but less than four years *after the injury.*" (emphasis added).

Until the Texas courts definitely resolve this question, we are bound to follow *Clark.*[1] I, therefore, respectfully concur in the judgment.

PUTNAM, District Judge, concurs in these views.

8. Garvie relied in her briefs on appeal on two district court cases, neither of which retain their vitality in light of *Clark.*

1. *See Chemetron Corp. v. Business Funds, Inc.,* 682 F.2d 1149, 1172 (5th Cir.1982), *vacated on* other grounds, —— U.S. ——, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983); *Lee v. Frozen Food Express,* 592 F.2d 271, 272 (5th Cir.1979) (per curiam).