Charles WEEKS, Appellant,

v.

J.I. CASE COMPANY, Appellee.

No. 9345.

Court of Appeals of Texas, Texarkana.

July 9, 1985.

Rehearing Denied July 30, 1985.

Joe Weis, Greenville, for appellant.

Eugene W. Brees II, Thompson & Knight, Dallas, for appellee.

BLEIL, Justice.

In this appeal from an adverse summary judgment, Charles Weeks questions whether a cause of action for breach of an implied warranty of merchantability accrues when a product is sold or when injuries are caused by a breach of warranty. We conclude that the cause of action arises when the product is originally sold or delivered.

J.I. Case Company sold an item of farm equipment in December of 1975. Weeks injured himself in an accident which he alleges was caused by the defective product sold by J.I. Case. The accident occurred in May of 1979; Weeks sued J.I. Case in September, 1981. Weeks founded his personal injury suit upon two primary theories: negligence and breach of warranty.

Because he filed suit more than two years after his injuries, the trial court granted summary judgment based upon his negligence action because of Tex.Rev.Civ. Stat. art. 5526 (Vernon 1958), the two year statute of limitations for tort actions. Because Weeks sued more than four years after the product was sold, the trial court granted summary judgment on his breach of warranty claims. Weeks appeals only that part of the judgment based upon the ruling that the breach of warranty action accrues as of the date of sale or delivery of the product.

The four year limitations statute around which this appeal centers is contained in Tex.Bus. & Com.Code Ann. § 2.725 (Vernon 1968). It provides in part that:

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued....

(b) A cause of action accrues when the breach occurs, regardless of the agrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

This section plainly provides that a breach of warranty cause of action accrues when delivery of a product is made and that any action for breach of contract for sale must be commenced within four years after the accrual of the cause of action. Weeks, however, maintains that this is a case of first impression in Texas and that we should resolve this issue by holding that Section 2.725 is inapplicable to a nonprivity plaintiff such as himself, who never purchased or accepted delivery of the product sold. He cites *The UCC Statute of Limitations' Conflict with the Equitable Rule of Discovery in Texas,* 15 Tex.Tech L.Rev. 417 (1984), as supportive of his argument.

In *Garcia v. Texas Instruments, Inc.,* 610 S.W.2d 456 (Tex.1980), the Supreme Court held that one injured could maintain a personal injury cause of action against a seller based upon breach of implied warranty of merchantability under the Uniform Commercial Code. In that decision, the

court also held that this type of action is governed in its entirety by the Uniform Commercial Code, including the four year statute of limitations set forth in Section 2.725(a). Although the court in *Garcia* did not expressly address when the four year statute of limitations begins to run, it held that because Garcia's breach of warranty action was filed three years and eight months after the sale of the product, his cause of action was not barred by limitations. The court's emphasis seems to be on the date of delivery rather than the date of injury.

The United States Court of Appeals for the 5th Circuit has determined that Texas has focused on the time of delivery—rather than date of injury—as the date a cause of action accrues under Section 2.725. *Timberlake v. A.H. Robins Co., Inc.,* 727 F.2d 1363 (5th Cir.1984); *Garvie v. Duo-Fast Corp.,* 711 F.2d 47 (5th Cir.1983); *Clark v. DeLaval Separator Corp.,* 639 F.2d 1320 (5th Cir.1981). Texas Courts of Appeals agree and have held that under the plain language of Section 2.725, a cause of action for breach of implied warranty accrues when delivered rather than when the product user discovers or should have discovered the breach. *Fitzgerald v. Caterpillar Tractor Co.,* 683 S.W.2d 162 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.); *Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889 (Tex.App.—El Paso 1983, no writ). We join these courts in concluding that a cause of action for personal injuries based upon a breach of implied warranty of fitness accrues when the product is delivered.

We affirm the trial court's judgment.