Dan E. KURESKA, Plaintiff,

v.

PRECISION CASTPARTS CORPORA-
TION, Defendant and Third
Party Plaintiff,

v.

ZIMMER, INC., Third Party Defendant.

Civ. A. No. C–87–230.

United States District Court,
S.D. Texas,
Corpus Christi Division.

June 9, 1988.

Kathryn Snapka, Law Offices of Kathryn Snapka, Corpus Christi, Tex., for plaintiff.

Darrell L. Barger, Hunt, Hermansen, McKibben & Barger, Corpus Christi, Tex., for defendant and third party plaintiff.

Tony Martinez, Martinez & Barrera, Brownsville, Tex., for third party defendant.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

This case was removed from state court on the basis of diversity of citizenship. The state court petition did not allege a specific amount of damages but the removal petition alleged that the amount in controversy exceeds $10,000.00. Plaintiff has not challenged this allegation by motion to remand or otherwise. Accordingly, federal jurisdiction is established. *Wright v. Continental Cas. Co.*, 456 F.Supp. 1075 (M.D. Fla.1978). Defendant Precision Castparts Corporation now moves for summary judgment. For the following reasons, this motion is GRANTED.

This is a case where Plaintiff Kureska alleges that a prosthetic device manufactured by Defendant was implanted in his left hip in October 1977. The stem of the device allegedly broke on December 30, 1983, requiring Plaintiff to undergo surgery. The broken device was removed and replaced with a new one. In February 1985, Plaintiff slipped and fell, re-injuring the hip. Suit was filed on September 29, 1987, complaining of a defective prosthetic device.

Accepting all Plaintiff's allegations as true, Defendant asserts that Plaintiff's claims for breach of warranty, negligence, and strict liability are barred by the applicable statutes of limitation. Plaintiff's response does not contest Defendant's motion regarding the negligence and strict liability claims. The applicable limitations period for these claims is two years. *Coody v. A.H. Robbins Co.*, 696 S.W.2d 154, 155 (Tex.App.—San Antonio 1985, no writ). Since Plaintiff was aware of the alleged defect in 1983, the suit filed in 1987 was clearly untimely for these two claims.

Regarding Plaintiff's warranty claim, the Texas Supreme Court in *Garcia v. Texas Instruments, Inc.*, 610 S.W.2d 456 (Tex. 1980) held that a personal injury claim could be maintained under the UCC and that such claims were governed by the four-year statute of limitations. However, the court was unclear as to when the four-year statute of limitations began to accrue. Defendants argue that the statute begins to run at the time of delivery of the allegedly defective goods, citing *Cherry v. Chustz*, 715 S.W.2d 742 (Tex.App.—Dallas 1986, no writ). Plaintiff argues that the statute begins to run when the injury is or reasonably should have been discovered, citing *Coody*, 696 S.W.2d at 155, fn. 1. Plaintiff also cites *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984) for the proposition that the "open courts" provision of the Texas Constitution would forbid running of a statute of limitations until the Plaintiff had a reasonable opportunity to discover the alleged wrong.

Unquestionably, Plaintiff's argument has some force. Nevertheless, even after *Coody* and *Nelson* were decided, *Cherry* continued to use delivery of the goods as the starting point for the limitations period in a warranty claim. Granted, *Cherry* was not a claim against a medical provider, but it was a claim for personal injury. In *Cherry*, the plaintiff was injured from an allegedly defective truck seat in 1981, yet the court held that the limitations period for the warranty claim began when the truck was delivered in 1976. While the plaintiff in *Cherry* could not have "discovered" his claim in 1976, the result was dictated by the language of section 2.725(b), Tex.Bus. Bus. & Com.Code Ann. *Cherry* does not discuss the "open courts" issue, perhaps because foreclosing a breach of warranty claim in a personal injury case would hardly amount to closing all access to court, since the "discovery" rule clearly applies to the negligence and strict liability theories.

At least three times in this decade, the Fifth Circuit has squarely held that limitations in a warranty claim begins to run on the date of delivery of the defective goods. *Clark. v. DeLaval Separator Corp.*, 639 F.2d 1320 (5th Cir.1981); *Garvie v. Duo-Fast Corp.*, 711 F.2d 47 (5th Cir.1983); *Timberlake v. A.H. Robins Co. Inc.*, 727 F.2d 1363 (5th Cir.1984). In *Garvie*, Judge Rubin's special concurring opinion noted

Texas cases invoking the "discovery" rule but agreed to follow Fifth Circuit precedent until Texas courts "definitely resolve this question." 711 F.2d at 49.

It is also noteworthy that *Timberlake* involved an allegedly defective intrauterine device, but the Fifth Circuit adhered to the "delivery" rule on the warranty claim. Because this Court concludes that Texas courts still have not "definitely resolved" the issue, the Court must follow *Timberlake* and other Fifth Circuit precedent.

Here, the prosthetic device was delivered in 1977. Suit was not filed until 1987. By then, the limitations period had expired.