**Beatrice HUIZAR, Appellant,**

v.

**FOUR SEASONS NURSING CENTERS OF SAN ANTONIO, Appellee.**

**No. 15830.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 25, 1978.

Rehearing Denied March 8, 1978.

John D. Wennermark, San Antonio, for appellant.

C. G. House, House, Mercer, House, Brock & Wilson, San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Beatrice Huizar, Administratrix of the Estate of Antonia Lopez, deceased, appeals from the rendition of summary judgment that she take nothing in her suit against defendant, Four Seasons Nursing Centers of San Antonio, to recover for injuries suffered by her decedent while a patient at a nursing home operated by defendant.

Plaintiff alleged Mrs. Lopez was injured as a result of specified acts of negligence on the part of defendant's employees. The petition then alleges that, at the time Mrs. Lopez was admitted to the nursing home, she and defendant "entered into a contract by the terms of which Defendant agreed to furnish" Mrs. Lopez "with adequate, safe, and proper care and nursing facilities," but that although Mrs. Lopez performed "all the stipulations, conditions, and agreements . . . to be performed on her part, . . . .. Defendant failed, refused and neglected to provide adequate, safe and proper care and facilities, causing" Mrs. Lopez "to suffer the injuries aforesaid."

After filing a general denial, defendant filed a motion for summary judgment on the grounds that there were no genuine issues of fact and that, as a matter of law, plaintiff's action was barred by the two-year statute of limitations.

In answer to interrogatories, plaintiff stated that the contract between Mrs. Lopez and defendant was in writing.

After a hearing at which neither plaintiff nor her counsel appeared, the trial court granted defendant's motion for summary judgment. The judgment, without making mention of limitations, stated that there was no issue of material fact.

Plaintiff, while conceding that her cause of action in tort is barred by limitations, contends that her cause of action based on contract is governed by Art. 5527, Tex.Rev. Civ.Stat.Ann. (1977), the four-year statute of limitations, and not by Art. 5526, the two-year statute.

Mrs. Lopez was injured on February 26, 1973. Suit was filed on May 19, 1976.

It is not always easy to articulate the distinction between actions in tort and actions based on contract. It has been said that an action sounds in contract when the duty breached arises out of a contract, while an action in tort arises out of a breach of duty imposed by law independently of the existence of a contract. *International Printing Pressmen and Asst's Union v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 735 (1946). But such formula is useless in a case where the breach of the noncontractual duty to use reasonable care is also a breach of the duty imposed by a contract. Such a situation is encountered in malpractice cases.

The majority rule in this country is that, despite allegations of contract, malpractice suits are governed by the statute of limitations applicable to tort actions, rather than

the statute applicable to actions for breach of contract because the cause of action sounds in tort rather than contract. 5A Frumer, Personal Injury: Actions, Defenses, Damages 80 (1967); Annot. 80 A.L.R.2d 320, 326–29 (1961).

In *Thompson v. Barnard,* 142 S.W.2d 238 (Tex.Civ.App.—Waco 1940), aff'd, 138 Tex. 277, 158 S.W.2d 486 (1942), plaintiff alleged that defendant was employed by plaintiff to perform an operation on plaintiff's wife and that defendant accepted such employment. Plaintiff also alleged that defendant was negligent. The court held that the limitation applicable to suits for injury to the person (Art. 5526, § 6) was applicable.

In *Pecos & N. T. Ry. Co. v. Amarillo St. Ry. Co.,* 171 S.W. 1103, 1105 (Tex.Civ.App. —Amarillo 1914, no writ), it was said that if the transaction has its origin in a contract which places the parties "in such relation as that in performing or attempting to perform the service promised the wrong is committed, then the breach of the contract is not the gravamen of the action." That is, despite the existence of a contract, if plaintiff pleads negligence, or pleads fact which would constitute negligence, the courts, as did the court in *Thompson,* will consider the cause of action to be in tort rather than in contract, despite the existence of a contract which imposed, by its terms, a duty on defendant to exercise reasonable care. In such cases, the contract is said to be "merely an inducement." *Smith, supra,* 198 S.W.2d at 735.

The judgment of the trial court is affirmed.

MURRAY, J., did not participate in the disposition of this case.