David P. SWANSON and Mary Swanson, Plaintiffs,

v.

ARABIAN AMERICAN OIL COMPANY and Aramco Services Company, Defendants.

C.A. No. H–85–2295.

United States District Court, S.D. Texas, Houston Division.

April 9, 1987.

Howard Schmerin, Odom, Schmerin & Thomason, Houston, Tex., for plaintiffs.

John D. Roady, Hutcheson & Grundy, Houston, Tex., for defendants.

ORDER

McDONALD, District Judge.

Pending before the Court is Defendants' Motion for Summary Judgment, filed pursuant to Federal Rules of Civil Procedure 56. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that Defendants' Motion should be GRANTED.

I. *Background*

Plaintiff, David Swanson, states that in October 1979, he entered into a written contract to work for Defendant Arabian American Oil Company ("ARAMCO").

Furthermore, he asserts that the contract obligated Defendants to provide "quality medical and health care" to all employees and their dependents. Soon after accepting employment, Swanson was assigned to Saudi Arabia.

Prior to her husband's employment, Plaintiff Mary Swanson underwent extensive dental repair work. After arriving in Saudi Arabia, she reported to Defendants' Dhahran Health Clinic ("DHC") for a follow-up examination and was told that the repair work had healed properly. Sometime later, Mrs. Swanson began experiencing swelling gums, nausea, dizziness, and pain in the temporomandibular joint ("TMJ"). Plaintiff's symptoms continued over a six-month period with dentists at the DHC unable to locate the problem.

On September 12, 1981, after noting significant TMJ dysfunction, a dentist treating Plaintiff at the DHC prepared and applied a splint appliance. The splint, however, provided only temporary relief. Plaintiff requested and received authorization for dental treatment in the United States.

On April 23, 1982, Dr. Richard Haines, the consulting dentist in the United States, prepared a letter stating that Mrs. Swanson's TMJ dysfunction was "a medical problem caused by a dysfunction of the dental apparatus." (Exhibit J to Defendants' Motion). Upon Plaintiff's return to Saudi Arabia in May 1982, dentists at the DHC adjusted the splint appliance but the relief was again only temporary. In September 1982, Plaintiff requested and received authorization for further treatment in the United States. On March 29, 1983 Dr. James Kennedy, a Houston dentist, performed oral surgery on Mrs. Swanson. The procedure consisted of bilateral TMJ arthroplasties with a Teflon® implant. (Exhibit O to Defendants' Motion).

On June 4, 1983, by letter, Plaintiff David Swanson resigned from ARAMCO citing the need to be with his wife in the United States during her recuperation and criticizing her medical care while in Saudi Arabia. (Attachment to Plaintiff's Affidavit).

On May 6, 1985, Plaintiffs filed the instant lawsuit alleging breach of the employment contract between the parties and misrepresentation by the Defendants' regarding the quality of health care that was to be provided.

Defendants have filed a Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56 claiming that Plaintiffs' lawsuit sounds in tort and is barred by the applicable statute of limitations. Under Rule 56(c), summary judgment is appropriate "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

## II.  *Contract or Tort*

■ The gravamen of Defendants' Motion is that Plaintiffs' claims sound in tort rather than contract. Defendants note that Plaintiffs have alleged injuries more typically found in an action for personal injury: physical pain, mental anguish, mental distress, lost wages, and medical expenses. (Complaint at paragraph IX).

The Fifth Circuit has addressed the relevant relation between contract and torts on at least two occasions. In *Kozan v. Comstock*, 270 F.2d 839 (5th Cir.1959), the court considered whether under Louisiana law plaintiff's medical malpractice claims would be governed by a one-year statute of limitations for torts or ten-year statute of limitations for contractual claims. In that case, the court stated that "we consider a malpractice action as tortious in nature whether the duty grows out of a contractural relationship or has no origin in contract." *Id.* at 845. In *Woodburn v. Turley*, 625 F.2d 589, 592 (5th Cir.1980), the court, applying Texas law, held that malpractice actions against attorneys sound in tort "regardless of how a plaintiff may frame his complaint."

Plaintiffs counter that theirs is an action for breach of a promise by Defendants to provide quality health care, not an action for malpractice. On this point, the Court finds instructive the case of *Huizar v.*

*Four Seasons Nursing Centers of San Antonio,* 562 S.W.2d 264 (Tex.Civ.App.—San Antonio 1978, writ ref.'d n.r.e.). In *Huizar,* plaintiff was the adininistratrix of a decedent's estate. She claimed that defendant breached its contract to provide decedent with "adequate, safe, and proper care and nursing facilities." *Id.* at 265. Defendant moved for summary judgment saying that the action was barred by the two-year statute of limitations for malpractice and not governed by the four-year statute of limitations for contract claims. The Texas court held that "despite the existence of a contract, if plaintiff pleads negligence, or pleads facts which would constitute negligence, the courts ... will consider the cause of action to be in tort rather than in contract...." *Id.* at 266.

The Court concludes that in the instant action Plaintiffs' claims sound in tort, not contract. The complaint charges facts that would constitute negligence: "inadequate medical attention" (Complaint at paragraph VI), "treatment ... inadequate to correct or arrest this condition" (Complaint at paragraph VII), "substandard dental care" (Complaint at paragraph VIII).

Even if the Court resists the temptation to label as mere subterfuge Plaintiffs' claims for breach of contract, breach of warranty, misrepresentation, and fraud, these allegations have not been developed. Plaintiffs have failed to go beyond the pleadings to "set forth specific facts showing there is a genuine issue for trial." Federal Rules of Civil Procedure 56(e). This Motion was filed on July 14, 1986. Since that time, Plaintiffs have filed three responses, neither of which sheds any new light on Plaintiffs' contract claims. No contract has been produced. No support for the allegations of fraud and misrepresentation has been shown beyond a restatement of the assertions in the pleadings. Plaintiffs have failed "to make a showing sufficient to establish the existence of an element essential to that party's case...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

### III. *Applicable Statute of Limitations*

Under Texas law, a suit for personal injury must be brought within two years after the day the action accrues. Tex.Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon Supp.1986). Personal injury actions generally accrue at the time of the injury or when facts come into existence which authorize a claimant to seek judicial relief. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977).

Defendants assert that Plaintiffs had full knowledge of facts which would have authorized them to investigate and seek a judicial remedy more than two years before the filing of this suit. Defendants believe that Plaintiffs were on notice by April 23, 1982, the day Dr. Haines wrote the letter describing Mrs. Swanson's condition as being caused by a "dysfunction of the dental apparatus." If not by that date, Defendants believe Plaintiffs should have been aware of a possible cause of action against Defendants by March 29, 1983 when Mrs. Swanson received a surgical implant in her TMJ.

Plaintiffs believe that the "discovery rule" applies to this case. The discovery rule looks to the point and time when the plaintiff discovers the injury or with reasonable diligence should have discovered the injury as establishing when a cause of action accrues. The rule has been customarily applied in cases where the adverse impact of certain medical procedures was not readily apparent. *See e.g. Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967) (foreign object left in body during surgery); *Hays v. Hall,* 488 S.W.2d 412 (Tex.1972) (unsuccessful vasectomy). Plaintiffs contend that under this theory, it was not until June 1983 that they discovered that the Defendants had committed tortious acts and that Defendants were unable to remedy the situation. In other words, Plaintiffs allowed Defendants to attempt to remedy Mrs. Swanson's TMJ dysfunction up until Mr. Swanson's resignation of June 4, 1983 within the two-year statute of limitations.

The Court concludes that even under the more generous discovery rule standard Plaintiffs should have discovered a possible

cause of action existed against Defendants by April 23, 1982. The April 23, 1982 letter from Dr. Richard Haines indicated that Mrs. Swanson's medical problem was "caused by dysfunction of the dental apparatus." This diagnosis informed Mrs. Swanson of her injury and its cause in fact. *See Timberlake v. A.H. Robins Co., Inc.,* 727 F.2d 1363, 1366 (5th Cir.1984). At that point Plaintiffs had two years to investigate possible negligence on the part of Defendants in the application of the splint device.

The date that Plaintiffs urge as the appropriate trigger for the statute of limitations is June 4, 1983, the effective date of Mr. Swanson's resignation from ARAMCO. This date, however, is the merely the point at which Plaintiffs' concluded that the dentists at Defendants' clinic would be unable to rectify Mrs. Swanson's medical condition. The injury had occurred much earlier when the splint was improperly applied. It could have been discovered much earlier when Dr. Haines issued his letter diagnosing the problem.

To summarize, the Court concludes that Plaintiffs' Complaint sounds in tort rather than contract. To the extent that any contractual claim exists, Plaintiffs have failed to come forth with any specific facts indicating that a genuine issue for trial exists. Federal Rules of Civil Procedure 56(e). Moreover, the Court concludes that Plaintiffs' claims are barred by the two-year statute of limitations for personal injury actions. The injury occurred on September 12, 1981 when dentists at Defendants' clinic improperly applied the splint device. The injury could have been discovered by April 23, 1982 when Dr. Haines linked Mrs. Swanson's condition to the dental apparatus. Plaintiffs did not file their suit until May 6, 1985, more than three years after the date of injury occurred or could have been discovered.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Summary Judgment be and hereby is GRANTED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.