**Robert Hoy LEE and Shirley Hilderbrand Lee, Plaintiffs-Appellants,**

v.

**FROZEN FOOD EXPRESS, INC. and Excalibur Insurance Co., Defendants-Appellees.**

No. 78-1885
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 2, 1979.

Rehearing Denied May 4, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

James L. Davis, Kenneth N. Simmons, Many, La., for plaintiffs-appellants.

Mayer, Smith & Roberts, Alex F. Smith, Jr., Mark A. Goodwin, Shreveport, La., for Frozen Food Express and Excalibur Ins. Co.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In this Louisiana wrongful death action removed to the federal courts because of diversity, we affirm on the findings of fact and conclusions of law in the opinion of the district court.

Plaintiffs suggest we certify to the Louisiana Supreme Court the district court's conclusion that Louisiana law will impute the contributory negligence of a minor to his parents pursuant to Rule 12 of the Louisiana Supreme Court.

Regardless of any ambiguity the plaintiffs may find in Louisiana cases to justify such a certification, there is no ambiguity as to this Court's view of Louisiana law because the legal issue has been squarely resolved against plaintiffs' precise arguments by two recent Fifth Circuit decisions. *Moczygemba v. Danos & Curole Marine Contractors, Inc.*, 561 F.2d 1149, 1154 (5th Cir. 1977); *Dickerson v. Illinois Central Gulf R.R.*, 553 F.2d 423 (5th Cir. 1977). Once a panel of this Court has settled on the state law to be applied in a diversity case, the precedent should be followed by other panels without regard to any alleged existing confusion in state law, absent a subsequent state court decision or statutory amendment which makes this Court's decision clearly wrong.

We deny plaintiffs' request to certify to the state court for two reasons: *first*, the analysis in our prior decisions appears to us to be correct; and *second*, this panel of the Court is bound by the decisions of prior panels. *Puckett v. Commissioner of Internal Revenue*, 522 F.2d 1385 (5th Cir. 1975).

AFFIRMED.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.