[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15630
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 3, 2006
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
03-01407-CV-ORL-18-JGG  & 04-00486-CV-ORL

GREAT AMERICAN E&S INSURANCE COMPANY,
f.k.a. Agricultural Excess & Surplus Insurance Compnay,

Plaintiff-Appellee,

versus

CHRISTINE SADIKI,
FOUAD SADIKI, her husband,

Defendants-Appellants.

_____

CHRISTINE SADIKI,
FOUAD SADIKI,

Plaintiffs-Appellants,

versus

AGRICULTURAL EXCESS & SURPLUS INSURANCE COMPANY,
n.k.a. Great American E&S Insurance Company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(March 3, 2006)**

Before EDMONDSON, Chief Judge,  ANDERSON and FAY, Circuit Judges.

PER CURIAM:

Appellants Christine and Fouad Sadiki appeal the district court's order granting final summary judgment in the underlying declaratory judgment actions in favor of Appellee Great American E & S Insurance Co., f/k/a Agricultural Excess and Surplus Insurance Co. ("Great American").  The Sadikis argue that the district court erred in failing to construe the subject insurance policy under New York law and ask this court to reverse the district court's order or certify the choice of law issue to the Supreme Court of Florida.  Because the district court correctly concluded that the choice of law issue is controlled by binding precedent from this court, its order is affirmed.

I. BACKGROUND

Both of the underlying declaratory judgment actions pertain to liability under an insurance policy issued by Great American to Tarragon Realty Investors, Inc. and its subsidiary and sister companies (collectively, "Tarragon").  The policy

provided liability coverage on several of Tarragon's properties throughout the United States, including the Orlando Central Park Tarragon ("OCP Tarragon") development in Orlando, Florida. It is undisputed that the parties entered into the contract in New York.

The Sullivan Group ("Sullivan") is a property management company hired to manage one of Tarragon's buildings in Orlando. Sullivan employed Ralph Caban to manage the building. On October 26, 2000, Caban allegedly sprayed a chemical mixture near the building's air intake system in an effort to exterminate a wasp nest. Christine Sadiki, who was working in the building on that date, allegedly suffered injuries as a result of inhaling the chemicals that Caban sprayed. She and her husband filed suit against Tarragon, Sullivan, and Caban in Florida state court.

After the Sadikis filed their state court claim, Great American filed an action in federal district court seeking a declaration regarding its duties under the subject insurance policy. Great American's principal argument was that it had no duty to defend or indemnify Tarragon, Sullivan, and Caban because the policy contained an "Absolute Pollution and Contamination Exclusion with a Hostile Fire Exception" (the "pollution clause") that excluded coverage of the Sadikis' claims.[1]

---

[1] The pollution clause provided, in relevant part, that the policy did not apply to:

The district court held that the policy should be interpreted under Florida law and that, under Florida law, the pollution clause unambiguously excluded coverage for the type of injuries alleged by the Sadikis. The district court therefore granted Great American's motion for summary judgment in the underlying declaratory judgment actions. On appeal, the Sadikis argue that the district court erred in applying Florida law rather than that of New York, the state where the insurance contract was issued.[2]

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo. Nolen v. Boca Raton Cmty. Hosp., Inc., 373 F.3d 1151, 1154 (11th Cir. 2004). The de novo standard applies to a district court's resolution of a choice of law issue as well as its interpretation of an insurance contract. LaFarge Corp. v. Traveler's Indem. Co., 118 F.3d 1511, 1514-15 (11th Cir. 1997).

## III. DISCUSSION

It is well-settled that, in diversity actions such as the instant case, federal

---

"Bodily injury" "personal injury" or "property damages" (actual, alleged or threatened) arising out of the discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, oil or other petroleum substance, toxic substances of chemicals, waste materials or other irritants, contaminants or pollutants whether solids, liquids, gases, into or upon land, the atmosphere or any watercourse or body of water.

[2] The Sadikis do not dispute the district court's holding that the pollution clause validly excludes their injuries from coverage under Florida law.

courts must apply the substantive law of the forum state. Id. at 1515 (citing Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct . 817 (1938) and Keller v. Miami Herald Publ'g Co., 778 F.2d 711 (11th Cir. 1985)). This principle extends to the forum state's choice of law rules. LaFarge, 118 F.3d at 1515 (citations omitted). We are thus bound to apply Florida's choice of law rules in determining which state's law governs this case.

The district court held that Florida's choice of law rules mandate the application of Florida law to a dispute over a contract to insure real property located within the state. The Sadikis concede, as they must, that the district court's holding is entirely consistent with two prior opinions of this court. Id. at 1516 (holding that Florida courts would apply Florida law to contracts insuring real property located within the state); Shapiro v. Associated Int'l Ins. Co., 899 F.2d 1116, 1121 (11th Cir. 1990). Like the district court, we are bound to follow these opinions. As we said in Lee v. Frozen Food Express, Inc., 592 F.2d 271 (5th Cir. 1979), in rejecting a suggestion that we certify: "Once a panel of this Court has settled on the state law to be applied in a diversity case, the precedent should be followed by other panels . . . absent a subsequent state court decision or statutory amendment which makes this Court's decision clearly wrong." Id. at 272.

After a careful consideration of the Florida case law cited by the parties and

revealed by our own research, we cannot conclude that the Florida courts have given a clear indication that this court's decisions in <u>LaFarge</u> and <u>Shapiro</u> were wrong.  <u>Lee</u>, 592 F.2d at 272.  Accordingly, we decline to certify, and we follow our own prior precedent.   The district court's order is therefore

AFFIRMED.