United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 5, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

Nos. 06-50200,
06-50202
Summary Calendar

AF-CAP, INC.,

Plaintiff-Appellant,

v.

REPUBLIC OF CONGO,

Defendant-Appellee.

Appeal from the United States District Court for the
Western District of Texas
1:01-CV-321

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This litigation has a long history, as summarized most recently in *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417 (5th Cir. 2006) (*Af-Cap III*). The dispute centers around Af-Cap's attempt to collect on a judgment against the Republic of Congo. Af-Cap attempted to garnish several companies' obligations to

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

render oil to the Congo. The district court found that Texas garnishment law does not authorize the garnishment of nonmonetary obligations because they are not garnishable "effects."[1] In *Af-Cap III*, we agreed with the district court that Texas law does not allow for the garnishment of nonmonetary obligations and affirmed the dissolution of garnishment writs targeted at the companies' oil obligations.

Af-Cap now appeals two district court orders that were not directly at issue in *Af-Cap III*, one denying a motion for contempt sanctions and the other refusing to enter new garnishment writs. These appeals were held in abeyance while *Af-Cap III* was pending because they require us to answer the same question addressed in that appeal: Does Texas law permit the garnishment of nonmonetary obligations? Our opinion in *Af-Cap III* answered that question in the negative. Aware that our answer dooms their appeal of the orders presently before us, Af-Cap now requests a second bite at the apple and invites us to certify the question already decided in *Af-Cap III* to the Texas Supreme Court. We decline the invitation.

The sole basis of Af-Cap's appeal is to ask us to certify a question that we have already answered as between these very

---

[1] The Congo had the option of receiving royalty payments in cash or "in kind" oil, and elected to receive them in kind. Because the district court found that the oil obligations could not be garnished, it issued a turnover order that would have required the Congo to receive its payments in cash. We vacated that order in *Af-Cap III*. 462 F.3d at 425–28.

2

parties.  While the Texas Constitution allows this court to certify questions to the Texas Supreme Court, certification is not "a proper avenue to change our binding precedent."  *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1247 (5th Cir. 1997).  After "this Court has settled on the state law to be applied in a diversity case, the precedent should be followed by other panels without regard to any alleged existing confusion in state law, absent a subsequent state court decision or statutory amendment which makes this Court's decision clearly wrong."  *Lee v. Frozen Food Express, Inc.*, 592 F.2d 271, 272 (5th Cir. 1979).

Af-Cap has not even attempted to point to a change in Texas law since *Af-Cap III* that might call its holding into question.  We are therefore bound by *Af-Cap III*'s conclusion that nonmonetary obligations are not garnishable under Texas law and find that certification is inappropriate where we have authoritative precedent on this precise issue.

IT IS ORDERED that appellant's motion to certify a question to the Texas Supreme Court is DENIED and, because it raises no issues independent of its motion to certify, its appeal is DISMISSED.[2]

---

[2] We note the district court's recent colloquy expressing hesitance to render a final judgment after we remanded this case "for proceedings consistent with [an] opinion."  *Af-Cap III*, 462 F.3d at 430.  That language was used out of deference to the district court's familiarity with this prolonged dispute and should not be read to imply that unresolved issues necessarily remain.

3